# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, also known as POLITICAL PRISONER, | ) ) Civil Action No. 2: 16-cv-1081 |
| Plaintiff, | ) ) Cathy Bissoon, |
| v. | ) United States District Judge ) |
| TOM WOLF, et al, | ) Cynthia Reed Eddy, ) United States Magistrate Judge ) |
| Defendants. | ) |

## REPORT & RECOMMENDATION

### Recommendation

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

### Report

A.  Procedural History

Plaintiff, Alton D. Brown, a self-proclaimed Political Prisoner, is a Pennsylvania inmate under the custody of the Department of Corrections ("DOC") and since May 11, 2015, has been housed at the State Correctional Institution ("SCI") at Greene, located in Waynesburg, Pennsylvania.

Brown initiated this action on July 19, 2016,[1] by the filing of the instant request to proceed *in forma paupers* accompanied by an eighteen (18) page handwritten civil rights complaint. The Complaint names 45 defendants including Tom Wolf, the Governor of the Commonwealth of Pennsylvania; numerous employees of the DOC; Correct Care Solutions, LLC, the corporate entity contracted with the DOC to provide medical services to Pennsylvania inmates, and numerous medical personnel contracted to provide the medical services to the inmates. According to the Complaint, on January 21, 2015, Brown was informed by Dr. Alpert that tests results indicated he had prostate cancer and that the doctor suggested a prostate biopsy be conducted before treatment. Brown contends that he "has very little, if any, trust in prison medical staff, who has a history of denying medical care and/or adequate and timely care, for retaliatory reasons (inter alia)." Complaint at ¶ 16. Therefore, in order for him to make "an informed and prudent decision whether or not to submit to the offer of diagnoses and treatment," Brown requested the following, all of which have been denied:

> (i) access to his medical record; (ii) access to his medical books; (iii) access to the law library computer (to conduct medical research); and (iv) protection from the continuous abusive attacks he had been subjected to by retaliating security and medical staff since his 5/11/15 incarceration at SCI-Greene (said attacks are also partially motivated by racial hate.)

*Id*. at ¶ 10.

The Complaint raises 16 claim for relief: retaliation (Count I), excessive force / corporal punishment (Count II), denial of medical care (Count III), interference with medical care (Count

---

[1] The Court has applied the "prisoner mailbox rule" and deemed the Motion for Leave to proceed *in forma pauperis* to be filed on the date the document was signed by Plaintiff and presumably "delivered to the prison authorities for forwarding to the court clerk." *Bond v. VisionQuest*, 410 F. App'x 510, 514 (3d Cir. 2011). The Court notes that the Complaint was signed on July 18, 2016. Both documents were received by the Court on July 22, 2016.

2

IV), denial of informed consent (Count V), civil conspiracy (County VI), denial of access to the court (Count VII), psychological torture / abuse (Count VIII), medical torture / abuse (Count IX), per se negligence / malpractice (County X), intentional malpractice (Count XI), corporate negligence (Count XII), intentional infliction of emotional distress claim (Count XIII), malpractice (Count XIV), increased risk of harm (Count XV), and equitable estoppel (Count XVI).

Since federal courts have repeatedly denied Brown's requests for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), Brown includes the following specific allegations of imminent danger in the instant complaint:

> 15. Plaintiff has been exhibiting signs of cancer since his housing at SCI-Greene, including substantial and continuous weight loss, bleeding from penis and rectum, and involuntary ejections of waste and blood from his rectum and penis (he has recently been experiencing penis and anus / rectum pain).
>
> 17. Defendants have not only intentionally and sadistically interfered with Plaintiff's effort to obtain access to the information that would allow him to make an informed and prudent decision as to whether or not to accept the offered medical care, but has taken numerous steps to aggravate his fears and suspicions of submitting to such care.
>
> 20. Plaintiff is in imminent and ongoing danger of serious physical injury as a result of the cancer spreading beyond the prostate or getting to a point where it cannot be successfully treated.
>
> 21. Plaintiff is also in imminent and ongoing danger of the adverse effects of Defendants' attacks and prostate cancer having adverse effects on his other chronic diseases.
>
> 61. The attack mentioned herein are continuous and <u>naturally</u> causes Plaintiff to be in a constant state of fear, stress / distress, anxiety, depression, and/or insecurity.
>
> 70. Defendants have a well-established history of murdering prisoners via medical neglect, physical and psychological abuse / torture, and intense pressure, and Plaintiff is in imminent / ongoing danger of being another such victim.

B.  Relevant Law

The Prison Litigation Reform Act, enacted on April 26, 1996, prohibits a prisoner from bringing a civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Ball v. Famiglio,* 726 F.3d 448, 467 (3d Cir. 2013).

C.  Discussion

Because Brown has had three prior qualifying dismissals,[2] 28 U.S.C. § 1915(g) prohibits this Court from allowing him to bring his action *in forma pauperis* unless he is in imminent danger of serious physical injury. " 'Imminent' dangers are those dangers which are about to occur at any moment or are impending. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001).

Plaintiff's submissions do not show that he is in imminent danger of serious physical injury, but rather show that he is not following the medical advice given to him by numerous physicians. Attached to Brown's Complaint is an Initial Review Response dated April 25, 2016, which reflects that a therapeutic diet has been ordered for Brown and that he has a history of denying medical care dating back to 2013:

---

[2] *See Brown v. Blaine,* C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (listing strikes and denying IFP status pursuant to § 1915(g)); *Brown v. Blaine,* C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); *Brown v. Wetzel,* C.A. No. 15-cv-00645, Memorandum Order (W.D.Pa. filed July 22, 2015) (same) (ECF No. 15), adopting report and recommendation (filed June 11, 2015) (ECF No. 2).

> Your medical record and the grievance have been reviewed. Dr. Malhi thoroughly assessed you on 3/31/16 for your concerns of weight loss and generalized weakness. Dr. Malhi notes: No specific symptoms of chest pain, nausea, vomiting, abdominal pain, GI upset or diarrhea. A full body assessment was completed which included past medical history of COPD, GERD, Hep C and Prostate cancer. Medications were also reviewed along with labs. Dr. Malhi ordered a therapeutic diet based on your BMI, height and weight. The Dietician approved Boost TID (three times a day). Dr. Malhi will follow up in three weeks.
>
> You arrived at SCI Greene on 5/11/15. The Medical Director was made aware of your elevated prostate level and you did agree to a PSA LAB which was 57.65. You were immediately scheduled with the Oncology Specialist, Dr. Malhotra. Orders received for CT Scan of pelvis / abdomen on 12/14/15 but your (sic) refused; On 12/25/15 you did agree to have above scan of entire body; on 1/4/16 you refused telemed with Dr. Shark, the Urologist, for a Prostate biopsy and on 2/24/16 you refused an annual physical.
>
> In conclusion: Your record notes numerous DC 462's for refusals dating back to SCI Graterford 2013 for Cystoscopy, Prostate biopsy, preps, lab work; SCI Smithfield 2013 for lab work, chronic care clinics, physical exam; 2014 lab work PSA test, sick call and medical lines. I encourage you go sign up for sick call to address your concerns with the provider.
>
> Irma Vihildal, CHCA, 4/25/16

Exhibit A, Complaint (ECF No. 1-2 at 1).

Moreover, Plaintiff's claims of imminent danger in this case repeat several themes commonly found in many of his prior lawsuits.[3] Brown often complains of insufficient or inadequate medical care, which numerous courts, including this court, have found that such claims do not invoke the imminent danger exception. *See Brown v. Wetzel,* Civil Action No. 15-cv-00645 (W.D. Pa filed May 19, 2015); *Brown v. Lyons*, 2013 WL 5629774 (E.D.Pa. Oct. 16, 2013); *Brown v. Pa. Dep't of Corr.,* 2011 WL 344078 (E.D.Pa. Feb. 1, 2011); *Brown v. Beard*,

---

[3] As other courts have noted, Brown "has filed well over twenty pro se matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments." *Brown v. PA Dep't of Corr.*, No. 93 M.D. 2011, 2012 WL 8666740, at *5 n. 7 (Pa. Commw. Ct. Mar. 29, 2012).

2010 WL 1257967 (E.D.Pa. Mar. 25, 2010); *Brown v. Beard,* 492 F. Supp.2d 474, 479 (E.D. Pa. 2007) (Brown's allegations, *inter alia,* that he is not being provided a diet appropriate for a prisoner with Hepatitis C and that the stress of incarceration contributes to his health risks, do not allege imminent danger of serious physical injury under § 1915(g)). Because Plaintiff has had three qualifying dismissals and he is not in imminent danger of serious physical injury, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g).

**Conclusion**

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days after service of this Report and Recommendation to file Objections to this Report And Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated August 15, 2016.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:  ALTON D. BROWN
 DL-4686
 S.C.I. Greene
 169 Progress Drive
 Waynesburg, PA 15370
 (Via U.S. First Class Mail)