# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| Plaintiff, | ) Civil Action No. 2: 16-cv-1081 |
| v. | ) |
| | ) United States Magistrate Judge |
| TOM WOLF, *et al.,* | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alton D. Brown, a self-proclaimed Political Prisoner, is an inmate under the custody of the Pennsylvania Department of Corrections ("DOC"). At the time this case was initiated, he was housed at the State Correctional Institution ("SCI") at Greene, located in Waynesburg, Pennsylvania. Currently, he is housed SCI Fayette located in LaBelle, Pennsylvania, having been transferred there in August of 2017.

### Background and Procedural History

Brown initiated this action on July 19, 2016,[1] by filing a request to proceed *in forma paupers* ("IFP") accompanied by an eighteen (18) page handwritten civil rights complaint. The Complaint names 45 defendants including Tom Wolf, the Governor of the Commonwealth of Pennsylvania; numerous employees of the DOC; Correct Care Solutions, LLC, the corporate entity contracted with the DOC to provide medical services to Pennsylvania inmates, and numerous

---

[1] The Court has applied the "prisoner mailbox rule" and deemed the Motion for Leave to proceed in forma pauperis to be filed on the date the document was signed by Plaintiff and presumably "delivered to the prison authorities for forwarding to the court clerk." *Bond v. VisionQuest*, 410 F. App'x 510, 514 (3d Cir. 2011). The Court notes that the Complaint also was signed on July 19, 2016. Both documents were received by the Court on July 22, 2016.

1

medical personnel contracted to provide the medical services to the inmates. According to the Complaint, while housed at SCI Greene, on January 21, 2015, Brown was informed by Dr. Alpert that tests results indicated he had prostate cancer and that the doctor suggested a prostate biopsy be conducted before treatment. Brown contends that he "has very little, if any, trust in prison medical staff, who has a history of denying medical care and/or adequate and timely care, for retaliatory reasons (inter alia)." Complaint at ¶ 16. Therefore, in order for him to make "an informed and prudent decision whether or not to submit to the offer of diagnoses and treatment," Brown requested the following, all of which have been denied:

> (i) access to his medical record; (ii) access to his medical books; (iii) access to the law library computer (to conduct medical research); and (iv) protection from the continuous abusive attacks he had been subjected to by retaliating security and medical staff since his 5/11/15 incarceration at SCI-Greene (said attacks are also partially motivated by racial hate.)

Because Brown had at least three prior qualifying dismissals ("strikes"),[2] 28 U.S.C. § 1915(g) prohibited this Court from allowing him to bring his action *in forma pauperis* unless he was in imminent danger of serious physical injury. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001).

On August 15, 2016, the undersigned found that Plaintiff's submissions did not show that he was in imminent danger of serious physical injury, but rather showed that he is not following the medical advice given to him by numerous physicians. Attached to Brown's Complaint was an

---

[2] Brown has actually incurred numerous prior qualifying dismissals. *See Brown v. Blaine,* C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (listing strikes and denying IFP status pursuant to § 1915(g)); *Brown v. Blaine,* C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); *Brown v. Wetzel*, C.A. No. 15-cv-00645, Memorandum Order (W.D.Pa. filed July 22, 2015) (same) (ECF No. 15), adopting report and recommendation (filed June 11, 2015) (ECF No. 2).

Initial Review Response dated April 25, 2016, which reflects that a therapeutic diet had been ordered for Brown and that he had a history of denying medical care dating back to 2013. (ECF No. 2, Report and Recommendation). Brown appealed the decision to the United States District Court Judge who adopted the Report and Recommendation as the Opinion of the District Court. The action was dismissed without prejudice. The District Judge found that Brown's own submissions demonstrated that he had repeatedly refused medical care offered by the Defendants, to treat his prostate cancer and that it was Brown's refusal to accept treatment, not any actions by the Defendants, that had placed him in imminent danger. (ECF No. 8). Brown appealed to the United States Court of Appeals for the Third Circuit. (ECF No. 9).

On August 7, 2017, the Appellate Court, in a nonpresidential opinion, remanded the case to our Court, finding that, even though Brown had at least three strikes, he had alleged a claim of imminent danger of serious physical injury through his allegation that Defendants had denied him access to his medical records and that they had not given him enough information for him to make an informed consent to a prostate biopsy. *Brown v. Wolfe, et al.,* 705 F. App'x 63 (3d Cir. 2017). The Court specifically expressed no opinion as to the merit of Brown's complaints. *Id.* at 66.

This Court then granted Brown's Motion for Leave to Proceed IFP on August 31, 2017, and the complaint was then filed on September 1, 2017. (ECF No. 16). The Commonwealth Defendants filed a Motion to Dismiss on November 2, 2017. (ECF No. 34).[3] Plaintiff was ordered

---

[3] The obligation of Defendants Alpert, Austin, Miceli, Correct Care Solutions, Carl Keldie, S. Liberatore, Malhi, Elon Mwaura, and Park (hereinafter referred to as the "Medical Defendants") to respond to the complaint has been stayed pending Plaintiff's filing of an Amended Complaint. (ECF No. 50).

to either respond to the motion to dismiss or file an amended complaint by December 6, 2017. (ECF No. 36).

On November 6, 2017, Defendant Correct Care Solutions filed a Motion to Consolidate Civil Action No. 17-321, which also filed while Brown was housed at SCI Greene, into Civil Action No. 16-1081, as the causes of action asserted in both complaints are virtually identical. The Complaint filed at Civil Action No. 17-321 names seven defendants and is fourteen pages long. This Complaint concerns Brown's pain in connection with prostate cancer and his allegation that he is not receiving proper medical treatment for that pain. On December 11, 2017, the Court granted that request and the actions were consolidated at this case number.

On December 8, 2017, Plaintiff filed a request for an extension of time in which to file an amended complaint. (ECF No. 47), which request was granted and Plaintiff was granted leave until January 8, 2018, to file an amended complaint. (ECF No. 48). Thereafter, Plaintiff sought an additional extension of time in which to file an amended complaint in light of the consolidation of Civil Action No. 17-321 with this action. (ECF No. 61). The Court granted that request and provided a generous extension until April 2, 2018.

At that time, the Court warned plaintiff as follows:

> Plaintiff is cautioned that the opportunity to file an amended complaint is not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the complaints filed in 16-cv-1081 or 17-cv-0321 or by adding defendants not related to the allegations in those original complaints. Inclusion of new allegations and claims unrelated to those set forth in the original complaints will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint.

ECF No. 66 at 2.

4

This extension was followed by two more requests for extensions. (ECF Nos. 79 and 82). Each of these requests was granted. The last request was granted by Order dated May 30, 2018, and Plaintiff was given an extension until June 29, 2018, to file an Amended Complaint. Plaintiff was advised that no further extensions would be granted. (ECF No. 89). Again, Plaintiff failed to file an Amended Complaint. On July 17, 2018, I entered an order observing Plaintiff's dilatoriness in failing to file an Amended complaint, as well as a reply to Defendants' responses to Plaintiff's Motion for Preliminary Injunction and, once again, extended Plaintiff's filing deadline to August 10, 2018, with the warning that his failure to file an Amended Complaint by that date and his failure to file a reply to Defendants' responses to his Motion for Preliminary Injunction, could result in sanctions, including the appropriate penalty of dismissal in either instances. (ECF No. 109 at 3). The deadline and warning of the potential of dismissal of the case for failure to follow the order was repeated in the Court's order denying his request to stay the action. (ECF No. 111). Despite this warning, on August 1, 2018, Plaintiff again requested an extension to file the Amended Complaint. The Court relented and granted Plaintiff's motion for reconsideration of the deadline stating:

> Order . . . Denying Plaintiff's request for reconsideration as he has not set forth any legal grounds for reconsideration; however, the Court will allow Plaintiff an extension to file his Amended Complaint on or before August 24, 2018. Plaintiff need not attach records or any other "evidence" to the Amended Complaint. If the Amended Complaint survives dispositive motions, the Court will order discovery. Plaintiff is warned that his Amended Complaint must adhere to Federal Rule of Civil Procedure 8(a)(2) that a claim for relief must contain a short plain statement of the claim showing that the pleader is entitled to relief. Plaintiff should also be mindful of the Court's Order of 11/3/17, wherein Plaintiff was warned that "the opportunity to file an amended complaint is not an invitation to enlarge the lawsuit by filing new allegations and claims unrelated to those set forth in the original complaint. Inclusion of new allegations

5

> and claims... will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint." NO FURTHER EXTENSIONS WILL BE GRANTED. Signed by Magistrate Judge Cynthia Reed Eddy on 8/2/18.

(ECF No. 113).

On August 29, 2018, Plaintiff filed his three-page response to Defendants' Reply to his Motion for Preliminary Injunction, which was postmarked August 27, 2018. (ECF No. 114). Likewise, on August 29, 2018, Plaintiff "Noticed" the Court that he had been unable to mail the Amended Complaint due to the weight of the complaint, that he was going to have to mail the Amended Complaint in five parts, that it could not go out until August 28, 2018, and that the Court should excuse his tardiness without penalty. (ECF No. 115).

On September 13, 2018, Plaintiff finally filed his overdue "Amended Complaint." (ECF No. 116). The "Amended Complaint" is 108 pages long, seeks to vastly expand the scope of the two original complaints at each of the consolidated cases by now naming 382 defendants and makes allegations dating back to 2004.

Analysis and Discussion

As noted previously, after the two cases were consolidated, Plaintiff was directed to file an amended complaint complying with the Federal Rules of Civil Procedure and not to raise new allegations or add new defendants not included in the original complaints and that failure to do so would be considered a failure to comply with an Order of the Court resulting in the dismissal of the amended complaint. *See Bowers v. Nat'l Coll. Athletic Assoc.*, 475 F.3d 524, 538 (3d Cir. 2007)(*citing Nat'l Hockey League v. Metro Hockey Club,* 427 U.S. 639 (1976) (per curiam.)). Plaintiff was also reminded that his amended complaint should set forth clearly identified causes of action as required by Fed. R. Civ. P. 8.

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* Fed.R.Civ.P. 41(b). Dismissal may be an appropriate penalty in either instance. *Id*. The Court employs its sound discretion in determining what sanctions to impose. *See Bowers v. Nat'l Coll. Athletic Assoc.*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976) (per curiam)).

Plaintiff was granted IFP status at the direction of the Court of Appeals for the Third Circuit, even though he had at least three strikes, because he had alleged a claim of imminent danger of serious physical injury through his allegation that Defendants had denied him access to his medical records and that they had not given him enough information for him to make an informed consent to a prostate biopsy. Likewise, the undersigned granted IFP status in Civil Action No. 17-321, as that action also pertained to Brown's medical treatment related to prostate cancer. In other words, both actions alleged that Plaintiff was in imminent danger of serious physical injury due to the lack of medical treatment for a serious medical condition.

"[A] prisoner may invoke the 'imminent danger' exception (to the three strike rule) to seek relief from a danger which is 'imminent' at the time the complaint is filed. . . Imminent dangers are those dangers which are about to occur at any moment or are pending." Abdul-*Akbar v. McKelvie*, 239 F.3d 307, 312 - 15 (3d Cir. 2001) (en banc). After receiving the privilege to proceed IFP, Brown proceeded to file his 100 page Amended Complaint which includes numerous new allegations not related to the original Complaints and new defendants which do not involve any threat of imminent danger. In fact, many of the allegations relate to actions that occurred well over a decade ago.

7

The Court perceives Brown's attempt to so vastly expand his lawsuit to be an abuse of the Prison Litigation Reform Act ("PLRA") and the judicial process. The imminent danger exception rightfully creates a narrow opening for a particular type of claim, it does not give prisoners the right to add a multitude of claims and defendants whenever a prisoner successfully states a claim of imminent danger. Indeed, allowing all of the claims in Brown's Amended Complaint "to accompany his allegation of imminent danger would have the effect of undoing Congress's intent in enacting the PLRA, which was to 'ensure that the flood of non-meritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Brown v. Lyons*, 977 F.Supp.2d 475 (E.D.Pa. 2013)(citing *Jones v. Bock*, 549 U.S. 109 (2007); *Abdul-Akbar*, *supra* at 315).[4]

The Court finds that Plaintiff failed to comply with an Order of this Court. The Court also finds that Plaintiff's failure to so comply was also an attempt to circumvent the grant of his IFP status to address his claims of imminent danger and as such was an abuse of the PLRA, as Plaintiff was aware in light of the decision in *Brown v. Lyons*, *supra*.

**AND NOW**, this 18th day of September, 2018:

**B**ased upon the Court's exercise of sound discretion, for the reasons stated above:

**IT IS HEREBY ORDERED** that the Amended Complaint filed at ECF No. 116 is stricken from the docket and Plaintiff is not is given leave to file another amended complaint.

---

[4] The procedural facts in *Brown v. Lyons*, *supra*, are remarkably similar to the facts of the instant case in that Brown was grant IFP based on allegations of imminent danger and then attempted to vastly expand those claims by filing an Amended Complaint with additional allegations and defendants. The court limited the grant of Brown's IFP status to those claims constituting allegations of imminent danger and then dismissed them pursuant to the prescreening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** file a response in opposition to the Commonwealth Defendants' Motion to Dismiss (ECF No. 34) no later than **October 15, 2018.** Per Judge Eddy's Chambers Rules, there is a page limitation of twenty (20) pages for all responsive briefs.

**IT IS FURTHER ORDERED** that the Commonwealth Defendants may file a reply to Plaintiff's response on or before **November 5, 2018.** Per Judge Eddy's Chambers Rules, there is a page limitation of five (5) pages for reply briefs.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this Order, the Motion to Dismiss may be decided without the benefit of Plaintiff's response.

**IT IS FURTHER ORDERED** that the complaint filed in Civil Action No. 17-321 (ECF No. 6) shall be refiled in this case as a Supplement to the original complaint filed in Civil Action No. 16-1081.

**IT IS FURTHER ORDERED** that the Medical Defendants shall file a responsive pleading to the Complaint and Supplemental Complaint on or before **October 15, 2018**.

                                                     s/Cynthia Reed Eddy
                                                     Cynthia Reed Eddy
                                                     United States Magistrate Judge

cc:    ALTON D. BROWN
       DL-4686
       SCI Fayette
       P.O. Box 9999
       LaBelle, PA 15450-0999
       (via U.S. First Class Mail)

       All counsel of record
       (via ECF electronic notification)