IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN, )
)
        Plaintiff, )
)
vs. ) Civil No. 16-1081
)
TOM WOLF, *et al.*, )
)
        Defendants. )

## OPINION AND ORDER[1]

Before the Court is an appeal (ECF No. 124) filed by Plaintiff, Alton D. Brown ("Brown" or "Plaintiff") requesting review of the magistrate judge's Memorandum Opinion and Order dated September 18, 2018 (ECF No. 117) (the "Order"), which ordered that the Amended Complaint filed at ECF No. 116 be stricken from the docket and that Plaintiff not be given leave to file another amended complaint.

Upon review of the matters raised by Brown, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion. Therefore, Brown's appeal will be dismissed.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV.

---

[1]     This action was reassigned to this Court's docket on October 12, 2018. ECF No. 202.

1

P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

The Order of September 18, 2018, was for a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A) and, thus, will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

**Discussion**

This case was received by the Clerk of Court on July 22, 2016, with the filing by Brown of a Motion for Leave to Proceed *in forma pauperis*, accompanied by an eighteen (18) page handwritten civil rights Complaint. The Complaint names 45 defendants and concerns his medical treatment at SCI-Greene for prostate issues. In his Complaint, Brown alleges that test results indicated that he had prostate cancer, but that the doctor suggested a prostate biopsy before treatment would commence. In his Complaint, Brown alleges that he is refusing treatment because he is not being given enough information to allow him to give his informed consent and that he is being denied such information because of Defendants' desire to punish him on account of his litigious behavior. Through the Complaint, Brown alleges that although his medical records reflect that he is refusing treatment, in reality, he is exercising his right of informed consent before making a decision regarding the proposed care.

The matter was referred to Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. The Magistrate Judge recommended that Plaintiff's request for *in forma pauperis* be denied and the case be closed as Brown had not shown that he was in imminent danger of serious physical injury.[2] The Court adopted the report and recommendation as the opinion of the Court, and the case was dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00. (ECF No. 8). Thereafter, Plaintiff filed a Notice of Appeal of that Order to the United States Court of Appeals for the Third Circuit (ECF No. 9), which was docketed at Court of Appeals No. 16-4135.

While the case was on appeal, on March 13, 2017, Brown filed Case No. 17-0321, in which he named seven (7) medical defendants in a fourteen (14) page handwritten Complaint. In that case, Brown alleges that he is not receiving proper medical treatment for pain associated with his prostate cancer.

On August 7, 2017, the Court of Appeals issued an Opinion remanding this case, Civil No. 16-1081, back to this Court for further proceedings. (ECF No. 13). On August 30, 2017, the case was reopened and, the next day, Brown's Motion for Leave to Proceed IFP was granted and his Complaint was filed on September 1, 2017. (ECF No. 16). On December 11, 2017, this case was consolidated with Civil Action No. 17-0321, as the causes of action asserted in both Complaints are virtually identical.

---

[2] Federal courts, including members of this Court, have repeatedly denied Plaintiff's requests for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) as Plaintiff has had three prior qualifying dismissals.

In light of the consolidation of the two cases, Brown was granted leave until April 2, 2018, to file an Amended Complaint. Brown was specifically warned that the opportunity to file an Amended Complaint was not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the Complaints filed in 16-cv-1081 or 17-cv-0321, or by adding defendants not related to the allegations in those original Complaints.

Thereafter, Brown sought two extensions in which to file his Amended Complaint. Each of these requests was granted and Plaintiff was given an extension until June 29, 2018, to file an Amended Complaint. Although Brown had been told that no further extensions would be granted, on July 17, 2018, Magistrate Judge Eddy once again extended Plaintiff's filing deadline to August 10, 2018. On August 1, 2018, Plaintiff again requested an extension to file the Amended Complaint, which was granted. Brown was advised that his Amended Complaint must adhere to Federal Rule of Civil Procedure 8(a) and he was again told that the opportunity to file an Amended Complaint was not an invitation to enlarge the lawsuit by filing new allegations and claims unrelated to those set forth in the original Complaints.

On August 29, 2018, Brown filed a Notice with the Court stating that he was unable to mail the Amended Complaint due to the weight of the Amended Complaint, and that he was going to have to mail the Amended Complaint in five parts.

On September 13, 2018, the Court received Plaintiff's overdue "Amended Complaint." (ECF No. 116). The Amended Complaint is 108 pages long, vastly expands the scope of the two original Complaints, now names 382 defendants, and contains allegations dating back to 2004.

Magistrate Judge Eddy found that the Amended Complaint was an abuse of the Prison Litigation Reform Act ("PLRA") and the judicial process. As explained in the Memorandum

Opinion and Order, Magistrate Judge Eddy found that allowing all of the claims in the Amended Complaint "to accompany his allegation of imminent danger would have the effect of undoing Congress's intent in enacting the PLRA, which was to '"ensure that the flood of non-meritorious claims does not submerge and effectively preclude consideration of the allegations with merit"'." Memorandum Opinion at 8 (quoting *Brown v. Lyons*, 977 F.Supp.2d 475, 482 (E.D.Pa. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007); and citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-15 (3d Cir. 2001) (en banc)).

Upon review of the record in this matter, this Court finds that the decision of the magistrate judge to strike the Amended Complaint was neither clearly erroneous nor contrary to law. Although Brown was instructed by the Court on numerous occasions that his Amended Complaint could not be expanded beyond the two original Complaints, Brown filed a 100 page Amended Complaint completely contrary to the directions of the Court. The Amended Complaint includes numerous new allegations which are not related to the original Complaints, many of which are against new defendants, and do not involve any threat of imminent danger. In fact, many of the allegations relate to actions that occurred well over a decade ago. This case was reopened over two (2) years ago and the case has virtually been at a standstill, waiting for Plaintiff to file his Amended Complaint.[3] Plaintiff was well aware of the risk of failing to comply with the numerous Court

---

3   The Court takes judicial notice that on November 9, 2017, Brown filed a case in the Court of Common Pleas of Fayette County against SCI-Fayette personnel and medical personnel relating to his treatment for prostate cancer at that institution. Defendants removed the case to this Court on August 27, 2018, and the case has been docketed at Case No. 18-cv-1130. Currently pending in that case is a motion to consolidate that case with the instant case. (ECF No. 25). Plaintiff's response to that motion is due by December 28, 2018. The Commonwealth Defendants' motion to dismiss, as well as the answering date for medical personnel, has been deferred pending the resolution of the consolidation issue.

Orders advising him that he could not enlarge his allegations, especially in light of the decision in *Brown v. Lyons*, in which Plaintiff was the named plaintiff. He chose to ignore that advice and as a result, the Court finds that the Order striking his 100-page Amended Complaint was neither clearly erroneous nor contrary to law.

## Conclusion

For the reasons stated above, the Court concludes that the decision and Order of the magistrate judge to strike Plaintiff's Amended Complaint was neither clearly erroneous nor contrary to law. Accordingly, Brown's appeal is **DENIED**.

This matter will proceed based upon the Plaintiff's Complaint filed at Civil Action No. 16-1081 at ECF No. 16; and based upon the Complaint originally filed at consolidated case Civil Action No. 17-321 at ECF No. 6, refiled as Supplemental Complaint at Civil Action No. 16-1081 at ECF No. 118. This matter is referred back to the Magistrate judge for further proceedings.

**IT IS SO ORDERED.**

Dated: Dec 20, 2018

Marilyn J. Horan
United States District Court Judge

cc: ALTON D. BROWN, pro se
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)