# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) Civil Nos. 18-1130 & 16-1081 |
| Plaintiff, | ) |
| v. | ) |
| MS. RHONDA A. HOUSE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is an appeal, ECF No. 44, filed by Plaintiff Alton D. Brown, requesting review of the magistrate judge's Order, dated February 12, 2019, ECF No. 43, filed at Civil Action No. 18-1130, granting Defendants' Joint Motion to Consolidate Cases, and the magistrate judge's Text Order, dated February 12, 2019, filed at Civil Action No. 16-1081, ordering consolidation of Civil Action No. 18-1130 into Civil Action No. 16-1081. Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

## Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo", for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law", for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order is nondispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

**Discussion**

The central allegations in the Complaint, filed at Civil Action no. 18-1130, concern ongoing medical treatment for Mr. Brown's prostate cancer. The magistrate judge noted that the allegations in the instant case pick up chronologically where the allegations in Civil Action No. 16-1081 end, and concluded that the cases involve common questions of law and fact. The magistrate judge also found that the evidence in both cases will significantly overlap, that consolidation would conserve resources of the parties and the Court, and that there would be no prejudice to any party. Accordingly, Civil Action No. 18-1130 was ordered to be consolidated with Civil Action No. 16-1081, and Civil Action No. 18-1130 was closed.

Mr. Brown appeals the magistrate judge's order on the basis that (i) consolidation works to prevent any possibility for Mr. Brown to amend the Complaint filed at Civil Action No. 18-1130, because the magistrate judge has prevented Mr. Brown from any further attempts to amend his Complaint filed at Civil Action No. 16-1081; (ii) the consolidation order ignores Mr. Brown's first amendment claims; (iii) consolidation deprives the case filed at Civil Action No. 18-1130 of

its identity by the order of the magistrate judge closing the Civil Action No. 18-1130; and (iv) Mr. Brown's status as a Political Prisoner is not included as a claim in Civil Action No. 16-1081. Upon review of the pleadings filed in both civil actions, the Court finds that the decision of the magistrate judge to consolidate the cases was neither clearly erroneous nor contrary to law.

The magistrate judge's rulings on Mr. Brown's attempts to amend the Complaint, filed at Civil Action No. 16-1081, (which was consolidated with the case filed at Civil Action No. 17-321), were centered on the magistrate judge's admonition to Mr. Brown that any amendment was not an invitation to enlarge the lawsuit by filing new allegations and claims, or by adding defendants, not related to the allegations in the original Complaints. Mr. Brown filed an Amended Complaint that vastly expanded the scope of the two original Complaints, and which the magistrate judge found to be an abuse of the Prison Litigation Reform Act and the judicial process. The Amended Complaint was stricken by the magistrate judge on September 18, 2018. ECF No. 117. Mr. Brown appealed that magistrate judge order; and following review this Court dismissed that appeal. Contrary to Mr. Brown's concern that the consolidation will prevent him from amending his Complaint, originally filed at Civil Action No. 18-1130, there is presently no impediment to prevent Mr. Brown from amending the allegations of said Complaint. The consolidation of that case into Civl Action No. 16-1081 will not preclude him from seeking to amend the complaint at 18-1130. This objection to the magistrate judge's order granting consolidation is without merit.

The Court further finds that the consolidation order properly considered the requirements for consolidation pursuant to Federal Rule of Civil Procedure 42(a) and relevant case law. There is no requirement that consolidation must account for every possible claim or allegation asserted; the Court need only consider whether the actions involve common questions of law or fact. Fed.

3

R. Civ. P. 42(a). Nor does consolidation somehow destroy an action of its identity, because the case is consolidated for convenience and economy. *In re Community Bank of N. Virginia*, 418 F.3d 277, 298 n.12 (3d Cir. 2005) (Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another"). Any action that any party could have taken with respect to the case filed at Civil Action No. 18-1130, remains a possible action to be taken at the consolidated case number. *Id.*; *Hanson v. D.C.*, 257 F.R.D. 19, 22 (D.D.C. 2009) (parties are fully able to brief multiple issues within context of one unified civil action). Finally, Mr. Brown's alleged status as a Political Prisoner at Civil Action No. 18-1130 is unaffected as a result of consolidation. The Complaint at Civil Action No. 18-1130 was simply consolidated with the Civil Action No. 16-1081. The Court finds that Plaintiff has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2019

Marilyn J. Horan
United States District Judge

cc: ALTON D. BROWN
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)

4