# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) Civil No. 16-1081 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOM WOLF, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is an appeal, ECF No. 182, filed by Plaintiff Alton D. Brown, requesting review of the magistrate judge's Order, dated February 13, 2019, (the "Order"), ECF No. 174, denying without prejudice his second Motion for Appointment of Counsel. ECF No. 166. Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo", for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law", for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order is nondispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

**Discussion**

Mr. Brown first requested the appointment of counsel in this case on April 5, 2018. ECF No. 71. The magistrate judge entered a Memorandum Order on April 23, 2018, denying Mr. Brown's request without prejudice. ECF No. 78. As the Memorandum Order explained, the case was in the initial pleading stage, and it was not yet clear to the magistrate judge whether the case had any merit, either in law or in fact. The magistrate judge noted that Mr. Brown had effectively demonstrated his understanding of the facts and issues in the case. Mr. Brown was also informed that should the case survive dispositive motions and appear ready to proceed to trial, his request for counsel would be reconsidered.

On February 7, 2019, Mr. Brown renewed his request for appointment of counsel. ECF No. 166. By Text Order of February 13, 2019, Mr. Brown was advised that his renewed request for counsel was again denied without prejudice, with the provision that should the case survive dispositive motions and appear ready to proceed to trial, his request for counsel would be reconsidered. ECF No. 174. It is from this Text Order that Mr. Brown has filed the instant appeal.

Procedurally this case is still in the initial pleading stage, as it was recently consolidated with another of Mr. Brown's cases, Civil No. 18-1130. Further, Defendants have only recently filed motions to dismiss. ECF Nos. 186 and 187, which have not yet been ruled upon.

Upon review of the record in this matter, the Court finds that the decision of the magistrate judge, denying Plaintiff's request for appointment of counsel, was neither clearly erroneous nor contrary to law. As the magistrate judge explained, the Court has authority "to <u>request</u> an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). In *Tabron v. Grace*, the United States Court of Appeals for the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). Following *Tabron,* the first factor for consideration by a district court is to decide whether the plaintiff's claim has "some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir.1997) (citing *Tabron,* 6 F.3d at 157). Given the early stage of this litigation, the magistrate judge correctly decided that it is too early to make a determination as to whether this case has any merit, either in fact or in law.

As a pro se litigant, Mr. Brown will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case presently merits a Court request for counsel to represent Plaintiff pursuant to 28 U.S.C. § 1915(e). Additionally, Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984) ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances . . . .").

Aside from all of the circumstances surrounding every incarcerated litigant, Mr. Brown has set forth no special circumstances that warrant granting his request to appoint counsel at this time. Mr. Brown points out that his case concerns complex medical issues warranting appointment of counsel. Defendants have filed motions to dismiss Mr. Brown's Complaints consolidated at Civil Action No. 16-1081. ECF Nos. 186 & 188. The applicable standards of law at the motion to dismiss stage require that Plaintiff's well-pleaded allegations are accepted as true, and viewed in a light most favorable to plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). It is the defendant's burden to show no claim has been stated, and typically a motion to dismiss will not involve weighing the merits of disputed factual claims[1]. Therefore, the complexity and substance of the medical issues themselves are not at issue at this early stage of litigation, whereas they may be at the summary judgment stage. *Montgomery v. Pinchak*, 294 F.3d 492, 504 (3d Cir. 2002) (where medical testimony is essential to pro se prisoner's proof at summary judgment stage, appointment of counsel may be warranted).

Similarly, Mr. Brown's ill health, as a factor in deciding whether appointment of counsel is warranted, may be considered if Mr. Brown's claims survive the motions to dismiss. *Hetzel v. Swartz*, 917 F. Supp. 344, 346 (M.D. Pa. 1996) (counsel appointed for pro se plaintiff in "very poor health," where claims that survived motion to dismiss "obviously have arguable merit"). The Court notes that Mr. Brown's health has not appeared to affect his ability to timely file pleadings. Should the case survive the present motions to dismiss, the Court will reconsider Plaintiff's

---

1 *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 556 (2007)).

request. At this time, the Plaintiff has not shown that the magistrate judge's ruling, dated February 13, 2019 (ECF No. 74), was clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 25, 2019

Marilyn J. Horan
United States District Judge


cc: ALTON D. BROWN
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)