# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALTON D. BROWN,** | ) | **Civil No. 16-1081** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TOM WOLF, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Before the Court is an appeal, ECF No. 195, filed by Plaintiff Alton D. Brown, requesting review of the magistrate judge's Order, dated February 14, 2019, (the "Order"), ECF No. 180, denying Plaintiff's Motion for Appointment of Specialist, ECF No. 160.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order is nondispositive and will not be disturbed, unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573

(1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

### Discussion

Mr. Brown seeks an Order requiring his own medical examination. Federal Rule of Civil Procedure 35(a) gives this Court discretion to order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination . . . ." Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." *Id.* at (a)(2). The Rule "does not permit a party to seek his own medical examination . . . ." *Gannaway v. Prime Care Medical, Inc.*, 150 F. Supp.3d 511, 524 n.4 (E.D.Pa. 2015), *aff'd*, 652 F. App'x 91 (3d Cir. 2016), *cert. denied*, -- U.S. ---, 138 S.Ct. 162 (2017). And a prisoner cannot use Rule 35 as a mechanism for obtaining a second medical opinion when he disagrees with the course of treatment prescribed by prison medical personnel. *Id.*

Upon review of the motion and responses, as well as the Order of the magistrate judge denying Mr. Brown's request for the appointment of a medical specialist, the Court finds that the decision of the magistrate judge to deny Mr. Brown's motion was neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's appeal is **DENIED.**

**IT IS SO ORDERED**.

Dated: March 25, 2019

Marilyn J. Horan
United States District Judge

2

cc: ALTON D. BROWN
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)