IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALTON D. BROWN, | ) | Civil No. 16-1081 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | |
| TOM WOLF, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Before the Court is an appeal, ECF No. 196, filed by Plaintiff Alton D. Brown, requesting review of the magistrate judge's Order, dated February 14, 2019, (the "Order"), ECF No. 181, denying Plaintiff's Motion Reconsideration, ECF No. 178.

**Background**

On December 28, 2018, Mr. Brown first requested a court order requiring Defendants to photograph his "feet, ankles, and lower legs and provide him with copies of test results." ECF No. 147. Defendants responded that they had taken the requested photographs, that copies of the photographs had been provided to Mr. Brown, and that Mr. Brown could request to review his medical chart and test results from the urology consultant by making a request with the CHCA. ECF Nos. 151 and 152. On January 22, 2019, based on the Defendants' responses, the magistrate judge denied the motion. ECF No. 153.

Three days later, on January 25, 2019, the Court received a motion from Mr. Brown requesting a court order requiring Defendants to provide him with "copies of better and more complete photographs of his feet, ankles and legs." ECF No. 155. The Commonwealth

1

Defendants objected to Mr. Brown's request and attached copies of the original photographs to their response. ECF No. 164. On February 6, 2019, the magistrate judge denied Mr. Brown's motion, explaining that Defendants were under no legal obligation to take any photographs, and the magistrate judge would not require Defendants to take additional photographs at Mr. Brown's direction. ECF No. 165.

The next day, on February 7, 2019, Mr. Brown filed a motion for reconsideration of the Order entered on January 22, 2019. ECF No. 170. On February 11, 2019, the motion for reconsideration was denied, as the magistrate judge found there was no basis for any further reconsideration. ECF No. 171. In denying the motion, the magistrate judge noted that this was at least the third time the court had dealt with a request from Mr. Brown surrounding the issue of photographing Mr. Brown's feet, ankles, and lower legs.

A week later, on February 14, 2019, Mr. Brown filed another motion for reconsideration - this time seeking reconsideration of the February 6, 2019 order. ECF No. 178. The magistrate judge denied the motion, finding there was no basis for reconsideration, and the magistrate judge also provided Plaintiff with a one-time courtesy copy of the six photographs that were attached to Defendants' February 5, 2019. ECF No. 181.

Then, on March 18, 2019, Mr. Brown filed the instant appeal of the magistrate judge's order ("the Order") of February 14, 2019. ECF No. 196. Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

## Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order is nondispositive and will not be disturbed, unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## Discussion

The magistrate judge correctly has noted, on multiple occasions, that Defendants were under no legal obligation to take any photographs of Plaintiff's feet, ankles, and lower legs, but did so on a voluntary basis. Defendants simply cannot be compelled to take more photographs at Plaintiff's direction. Upon review of the motions and responses surrounding Mr. Brown's request for photographs in this case, as well as the Orders of the magistrate judge denying those requests, the Court finds that the decision of the magistrate judge to deny Mr. Brown's motion

for reconsideration was neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

Further, the Court notes that Plaintiff makes serious unsupported allegations against the magistrate judge. Presented in this fashion, the allegations will not be addressed. Plaintiff should file a proper motion to recuse if he is requesting that the magistrate judge disqualify herself from this case.

**IT IS SO ORDERED.**

Dated: March 25, 2019

Marilyn J. Horan
United States District Judge

cc: ALTON D. BROWN
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)