IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) Civil No. 16-1081 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOM WOLF, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is an appeal, ECF No. 225, filed by Plaintiff Alton D. Brown, requesting review of the magistrate judge's Omnibus Scheduling Order, dated April 1, 2019 (the "Order"), ECF No. 209. Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order is nondispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## Discussion

The case before the Court encompasses three cases brought by Mr. Brown which were consolidated: Civil Action No. 16-1081, Civil Action No. 17-3212, and Civil Action No. 18-1130. Mr. Brown commenced Civil Action No. 16-1081 on July 19, 2016, by filing a request to proceed *in forma pauperis* ("IFP"), which was initially denied. Mr. Brown appealed this denial to the United States Court of Appeals for the Third Circuit. Upon appeal, the denial of Mr. Brown's application to proceed *in forma pauperis* was vacated and the case remanded for further proceedings. His application was then granted and the Complaint was docketed on September 1, 2017, at ECF No. 16.

Mr. Brown's Complaint in 16-1081 names forty-five defendants, including various personnel of the Pennsylvania Department of Corrections and employees of Defendant Correct Care Solutions, LLC. Through his Complaint, Mr. Brown alleges that while at SCI-Greene, tests results indicated that he had prostate cancer, but that the doctor suggested a prostate biopsy before treatment would commence. Through his Complaint, Mr. Brown stated that he requested the following in order to make an informed decision:

> (i) access to his medical record; (ii) access to his medical books; (iii) access to the law library computer (to conduct medical research); and (iv) protection from the continuous abusive attacks he had been subjected to by retaliation security and medical staff since his 5/11/15 incarceration at SCI-Green (said attacks also

2

partially motivated by racial hate.)

Complaint at ¶ 10. Distilled to its essence, Mr. Brown alleges that he is refusing treatment because he has not been given enough information to allow him to give his informed consent. Mr. Brown further alleges that he suffers from numerous symptoms related to prostate cancer and that medical staff have wrongfully falsified his medical record to suggest that he "refused" care. Further, he contends that Defendants do not want him to undergo treatment in order to save money.

Mr. Brown commenced Civil Action No. 17-0321 on March 13, 2017, while he was incarcerated at SCI-Greene, by filing a request to proceed *in forma pauperis* ("IFP"). The motion was granted and the Complaint docketed on May 4, 2017, at ECF No. 6. The Complaint names seven defendants, all of whom are medical staff, and concerns Mr. Brown's pain associated with his prostate cancer and his allegation that he is not receiving proper medical treatment for his pain. Defendants filed a Motion to Consolidate Civil Action No. 17-3212 into Civil Action No. 16-1081, and by Order of December 11, 2017, both actions were consolidated into Civil Action No. 16-1081.

The third case, Civil Action No. 18-1130, was commenced in this Court on August 27, 2018, when the Medical Defendants removed the case from the Court of Common Pleas of Fayette County. It appears that Mr. Brown filed this complaint in the Court of Common Pleas of Fayette County on November 9, 2017. In this complaint, entitled "Complaint in Mandamus & Equity," Mr. Brown makes allegations pertaining to his continuing treatment for prostate cancer and related issues at SCI-Fayette, following his transfer from SCI-Greene on August 9, 2017, and access to his medical information. The complaint names approximately thirty-three medical

and corrections defendants, many of whom were already named in Civil Action No. 16-1081. Defendants filed a Joint Motion to Consolidate seeking to consolidate Civil Action No. 18-1130 into Civil Action No. 16-1081. By Order of February 12, 2019, the action was consolidated into Civil Action No. 16-1081.

Prior to consolidation, Mr. Brown filed a motion seeking injunctive relief in each of the three cases which are now consolidated. On April 1, 2019, the magistrate judge issued an Omnibus Scheduling Order filed at ECF No. 209. It is to this Order that Mr. Brown appeals, and specifically challenges the Scheduling Order as it pertains to his multiple requests for injunctive relief.

First, Mr. Brown argues that, in the Scheduling Order, the magistrate judge "makes proposed findings of fact and 'recommendations for the disposition' by the district court" to his motions for preliminary injunction. Obj. at 2. The Court finds this argument to be without merit. The Scheduling Order clearly indicates that an evidentiary hearing and oral argument will be scheduled once briefing is completed. In accordance with Federal Rule of Civil Procedure 72, following the hearing, the magistrate judge will prepare findings and recommendations. Mr. Brown will have a full opportunity to file specific written objections to the proposed findings and recommendations. Fed.R.Civ.P. 72(b)(2). The Court does not view the Scheduling Order as containing any proposed findings of fact or recommendations.

Next, Mr. Brown appears to be arguing that it is improper for the magistrate judge to limit the hearing for injunctive relief only to his " claims against the staff and medical providers at SCI-Fayette, where Plaintiff is currently housed, and claims against DOC employees employed at the DOC Central's office in Mechanicsburg, PA." *Id.* at 2. Again, Mr. Brown will have an opportunity to object to any limitation of the evidence made by the magistrate judge in

his written objections to the recommended disposition.

Third, Mr. Brown argues that although the magistrate judge provided the Defendants an opportunity to respond to his most recent Supplement to his Motion for a Temporary Restraining Order and Preliminary Order, the magistrate judge "ignored" Plaintiff's other related motions, which is "[a] clear reflection of the Magistrate's bias and prejudice against Plaintiff . . . ." Appeal at ¶ 3. The Court finds that the docket reflects all of Mr. Brown's filings requesting injunctive relief, which have been filed in all three of the consolidated cases, and that there is no indication that the magistrate judge was "ignoring" his previous filings. Rather, the magistrate judge was allowing Defendants an opportunity to respond to Mr. Brown's most recent supplemental filing.

Plaintiff's last argument is that the magistrate judge erred in limiting the hearing to medical issues, "while purposely excluding matters contained in his Motion for Preliminary Injunction (at 2:18-cv-01130) that pertains to violations of Plaintiff's rights of access to the courts, right of free speech, and right of free association." Appeal at ¶ 4. Again, Mr. Brown will have an opportunity to object to any limitation of the evidence made by the magistrate judge in his written objections to the recommended disposition.

For these reasons, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion and, accordingly, Mr. Brown's appeal is dismissed. The magistrate judge should proceed to schedule a hearing on Mr. Brown's motions for injunctive

relief. Mr. Brown is reminded that his responses to Defendants' motions to dismiss (ECF Nos. 186, 188, and 220) is due no later than May 31, 2019.

**IT IS SO ORDERED**.

Dated: May _14_, 2019

Marilyn J. Horan
United States District Judge

cc:    ALTON D. BROWN
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)