IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) Civil No. 16-1081 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOM WOLF, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Before the Court is an appeal, ECF No. 269, filed by Plaintiff Alton D. Brown, requesting review of the magistrate judge's Memorandum Order, dated June 24, 2020 (the "Order"), ECF No. 268. Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

**Standard of Review**

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order is nondispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is

1

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## Discussion

The case before the Court encompasses three cases brought by Mr. Brown which were consolidated: Civil Action No. 16-1081, Civil Action No. 17-321, and Civil Action No. 18-1130. The Magistrate Judge has patiently permitted Mr. Brown several attempts at filing an amended consolidated complaint. The Magistrate Judge has properly warned Mr. Brown that permitting him to amend his Complaint is not an invitation to enlarge the lawsuit by filing new allegations and claims not related to the allegations in the original Complaints or claims that do not relate to his imminent danger claims. Mr. Brown's appeal concerns the Magistrate Judge's ruling that Mr. Brown may not assert claims unrelated to his imminent danger claims in his amended complaint. ECF No. 269, at 2. Specifically, he is appealing the Magistrate Judge's ruling that in filing a new consolidated amended complaint he may not allege claims unrelated to imminent danger claims asserted in Civil Action No. 18-1130. *Id.* Mr. Brown's appeal is without merit and will be denied.

Mr. Brown has had at least three prior lawsuits dismissed either as frivolous or because the lawsuit failed to state a claim upon which relief could be granted. Therefore, pursuant to 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA") the allegations of any amended

complaint must satisfy the imminent danger requirement. Mr. Brown has persistently and consistently attempted to enlarge his lawsuit beyond the clearly defined parameters required by the PLRA and repeatedly set forth by the Magistrate Judge. Mr. Brown's latest challenge to the Magistrate Judge's ruling is no different from his prior repeated challenges to the requirements of the PLRA restricting his claims to those involving imminent danger.

    For these reasons, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion and, accordingly, Mr. Brown's appeal is dismissed.

**IT IS SO ORDERED**.

Dated: August 12, 2020

Marilyn J. Horan
United States District Judge

cc:    ALTON D. BROWN
       DL-4686
       SCI Fayette
       48 Overlook Drive
       LaBelle, PA 15450-1050
       (via U.S. First Class Mail)

       All Counsel of Record
       (via ECF electronic notification)