IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALTON D. BROWN, | ) | |
|---|---|---|
| | ) | Civil No. 16-1081 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOM WOLF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is an appeal, ECF No. 281, filed by Plaintiff Alton D. Brown, requesting review of the magistrate judge's Text Order, dated August 3, 2020, ECF No. 277. On July 30, 2020, Mr. Brown filed a Supplemental Request for Preliminary Injunction, and Exhibits in Support of the Request. ECF Nos. 273 & 275. On August 3, 2020, the Magistrate Judge issued an Order striking the Supplemental Request and explained, "In the interest of judicial economy, no further supplements will be allowed until" the District Court rules on Mr. Brown's Appeal filed at ECF No. 268. ECF No. 277. Mr. Brown argues that the Magistrate Judge did not have the authority to strike his pleading because it was a motion for preliminary injunctive relief.[1] ECF No. 281. Mr. Brown thus claims that the Magistrate Judge issued a final ruling on a dispositive matter. A different standard of review applies depending on whether a magistrate judge's ruling is a final disposition or a pre-trial ruling on a non-dispositive matter: "de novo"

---

1 Mr. Brown also argues that the Magistrate Judge's Order demonstrates a bias against him. The Court see no basis for such an assertion.

1

for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and "clearly erroneous or contrary to law" for magistrate resolution of non-dispositive matters. 28 U.S.C. § 636(b)(1)(A).

Mr. Brown is correct that a magistrate judge does not have the authority, without the consent of the parties, to make a final determination on a dispositive matter, such as a motion for injunctive relief. *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (citing 26 U.S.C. § 636(b)(1)). Here, however, the Magistrate Judge exercised her discretion in managing the proceedings to *temporarily* prohibit the filing of supplements until this Court ruled on Mr. Brown's prior appeal at ECF No. 268.[2] Therefore, the Magistrate Judge's Order is not a dispositive ruling on Mr. Brown's request for injunctive relief and will only be disturbed if it is found to be clearly erroneous or contrary to law.

Mr. Brown's prior appeal directly impacted the timing and substance of the filing of a consolidated amended complaint. Mr. Brown had appealed the Magistrate Judge's ruling defining the limits of what could be included in an amended complaint. The Magistrate Judge had to wait until this Court issued a ruling before finally setting a filing deadline and defining the parameters of what allegations could be included in an amended complaint. Mr. Brown's separate supplemental pleading seeking injunctive relief potentially raises issues that will be in an amended complaint or outside the parameters of what this Court and the Magistrate Judge have determined are permitted. The Magistrate Judge's decision to strike the pleading until after this Court's ruling is a sensible exercise of her power to manage the proceedings before her in

---

2 This Court ruled on Mr. Brown's Appeal at ECF No. 268 on August 12, 2020. ECF No. 280. Thus, the condition cited by the Magistrate Judge has been met.

the interest of judicial economy.  Therefore, the Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor an abuse of discretion and, accordingly, Mr. Brown's appeal is dismissed.

**IT IS SO ORDERED**.

Dated: August 18, 2020

Marilyn J. Horan
United States District Judge

cc:   ALTON D. BROWN
      DL-4686
      SCI Fayette
      48 Overlook Drive
      LaBelle, PA 15450-1050
      (via U.S. First Class Mail)

      All Counsel of Record
      (via ECF electronic notification)