## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALTON D. BROWN,** | ) | **Civil No. 16-1081** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TOM WOLF, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION and ORDER

Before the Court are four appeals filed by Plaintiff Alton D. Brown.  Three of the appeals request review of Orders issued by the Magistrate Judge, while the fourth is a general challenge. First, he challenges the Magistrate Judge's Order, ECF No. 276, denying his request that the Court provide additional aid in locating a lawyer to represent him in this matter.  ECF No. 287. Next, he challenges the Magistrate Judge's Order, ECF No. 279, denying in part and granting in part his motion for an Order Requiring Defendants to Provide Plaintiff with Access to Various Attorneys.  ECF No. 291.  Mr. Brown also challenges the Magistrate Judge's Order, ECF No. 285, setting a deadline of September 14, 2020 for Mr. Brown to respond to the Defendants' outstanding Motions to Dismiss.  ECF No. 293.  Finally, he makes a general request to this Court to prevent delay tactics and sabotage regarding his attempts to obtain a preliminary injunction over the course of this action.  ECF No. 288.

## I.  Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A).  *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2).  In this case, the Orders appealed from are nondispositive and will not be disturbed unless such our is found to be clearly erroneous or contrary to law.  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)).  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion."  *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## II.  Relevant Procedural Background

The case before the Court encompasses three cases brought by Mr. Brown which were consolidated:  Civil Action No. 16-1081, Civil Action No. 17-321, and Civil Action No. 18-1130.  The allegations of all three cases are centered on medical treatment for Mr. Brown's prostate cancer.  The allegations also encompass his overall medical treatment by Defendants and conduct by Defendants negatively affecting how and when he receives medical treatment.

## A. Appointment of Counsel

Mr. Brown filed his first motion to have counsel appointed to represent him on April 5, 2018.  ECF No. 71.  In denying this Motion, the Magistrate Judge explained that the case was "still procedurally in the initially pleading stage, as Plaintiff has been allowed to file an Amended Complaint and granted multiple extensions of time to do so; therefore, it is not yet clear to the Court whether it has any merit, either in fact or in law."  ECF No. 78, at 2. Thereafter, Mr. Brown filed another motion for the appointment of counsel, ECF No. 166, which was denied without prejudice as premature, since the process of filing an amended complaint was still ongoing.  ECF No. 174.  Mr. Brown's appeal of that decision to this Court was denied, with the Court noting that should the complaint survive motions to dismiss, the request for counsel may be renewed and reconsidered.  ECF No. 202.

Then, during an October 1, 2019 Telephonic Status Conference the Magistrate Judge indicated that the Court would endeavor to find counsel to represent Mr. Brown, and once counsel was appointed, the Court would convene a status conference to discuss setting a date for a preliminary injunction hearing.  ECF No. 251.  On October 3, 2019, the Magistrate Judge entered an Order directing "the Clerk of Court, on behalf of the Allegheny County Bar Foundation of the Allegheny County Bar Association . . . to request a lawyer to consider entering an appearance on behalf of the plaintiff."  ECF No. 252.  Such efforts were unsuccessful, and the Magistrate Judge issued an Order dated May 4, 2020, suspending its efforts to recruit counsel noting that "a reasonable effort has been made to locate counsel to no avail."[1]  ECF No. 256.

---

1 The Magistrate Judge explained in the Order as follows: "The first request was declined on April 22, 2020, due to a "conflict of interest." (Sealed ECF No. 253).  The second request was declined on April 30, 2020, due to "health issues related to COVID-19." (Sealed ECF No. 254). The third request was declined on May 1, 2020, because

**B.  Amended Complaint History**

A present operative amended complaint has yet to be filed in this case.[2]  The history of the delay in this case begins with Mr. Brown's December 8, 2017 Motion for Extension of Time to File an Amended Complaint in response to Defendants' Motion to Dismiss his original Complaint.  ECF No. 47.  Mr. Brown was given until January 8, 2018 to file an Amended Complaint.  In what can be considered Part One of the process, the Magistrate Judge granted six extensions of time for Mr. Brown to file his Amended Complaint, ranging from a due date of April 2, 2018 to the final extension of August 24, 2018.  Due to unanticipated mail delays, Mr. Brown's Amended Complaint was filed on September 13, 2018.  The Magistrate Judge struck the Amended Complaint as an abuse of the Prison Litigation Reform Act and the judicial process, explaining that the 100-page Amended Complaint vastly expanded the scope of the two original complaints filed at the consolidated case, named 382 defendants, and made allegations dating back to 2004.  ECF No. 117.  Mr. Brown's Appeal of that Order was denied by this Court on December 20, 2018.  ECF No. 145.  In the Court's decision, it was noted that the case was virtually at a standstill waiting for Mr. Brown to file an amended complaint.  Id. at 5.  Accordingly, the case was ordered to proceed on the basis of the original complaints.  Id. at 6.

Part Two of Mr. Brown's efforts to file an Amended Complaint begins after the third case

---

counsel was 'unable to dedicate the requisite amount of time needed to address this case given the status of the pleadings and pending dispositive motions." (Sealed ECF No. 255)."  ECF No. 256, at 1.

2  The statement that an operative complaint has not been filed assumes that Mr. Brown will indeed file a consolidated amended complaint.  If he does not, then there are in fact three operative Complaints filed at each of the consolidated cases, ECF Nos. 16 at 16-1031, ECF No. 118 at 17-321, and ECF No. 175 at 18-1130.  Defendants have filed Motions to Dismiss said Complaints, to which Mr. Brown has indicated he intends to file a consolidated amended complaint.

was consolidated with the other two cases.  On February 13, 2018, the Magistrate Judge ordered that the consolidated case shall proceed based upon the original complaints filed in each of the three cases.  ECF No.  176.  The Magistrate Judge then ordered Defendants to file new motions to dismiss, or supplements to previously filed motions, by March 7, 2019.  Id.  Mr. Brown sought clarification of the Order, to which the Magistrate Judge explained that Mr. Brown was permitted to file a motion to file an amended complaint in response to any motion to dismiss, and that he must attach a copy of his proposed amended complaint to his motion.  ECF No.  209.  The Magistrate Judge also reset the Defendants' due date for filing Motions to Dismiss, or supplements to previously filed Motions to Dismiss, to April 19, 2019.  Id.  Once the Defendants' deadline passed, Mr. Brown was given until May 31, 2019 to file either an amended complaint or a response in opposition to Defendants' Motions to Dismiss filed at ECF Nos. 186, 188, 220, & 232.  ECF No. 228.  Thereafter, the Magistrate Judge granted four extensions of time to file his Amended Complaint, ranging from a due date of July 8, 2019 to the present deadline of September 14, 2020.  In summary, over the time period from December 2017 to August 2020, the Magistrate Judge granted eleven extensions of time for Mr. Brown to either file an amended complaint or a response in opposition to the Motions to Dismiss.

### C.  Motion for a Preliminary Injunction

Mr. Brown initially sought a preliminary injunction and a temporary restraining order.  ECF No. 17.  The Motion for a Temporary Restraining Order was denied as moot because Defendants had received notice of the suit and therefore proceeding with a preliminary injunction hearing was the proper procedure.  ECF No. 27.  During the course of the case the Magistrate Judge consistently explained that a hearing would be held once all defendants were

served and their responses to the Complaint and Motion for Preliminary Injunction were received. Once Defendants' Responses to the Motion for Preliminary Injunction were filed, Mr. Brown requested several extensions of time to file his Reply, which he finally did on August 29, 2019. ECF No. 114. In response, the Magistrate Judge issued a briefing schedule in which she provided a succinct timeline and explanation that accounted for the time from Mr. Brown's first filed request for a preliminary injunction to his August 29, 2019 Reply. ECF No. 120. The Magistrate Judge also ordered certain Defendants to provide necessary medical documentation prior to a hearing. Id. Mr. Brown filed Replies to Defendants' Responses and Supplemental Responses in December 2018. In January 2019, and again in March 2019, Mr. Brown filed Supplements to his Motion for a Preliminary Injunction, prompting the Magistrate Judge to permit Defendants to file Responses to said Supplements by April 5, 2019. The Magistrate Judge explicitly advised the parties "that once the briefing is complete, an evidentiary hearing and oral argument on Plaintiff's request for temporary restraining order and preliminary injunction relief relating to his allegations of lack of medical treatment at SCI-Fayette, only, will be scheduled." ECF No. 209, at 3.

### III. Discussion

#### A. Appointment of Counsel

The Magistrate Judge's Order, ECF No. 276, denying Mr. Brown's request that the Court assist him by contacting the Pennsylvania Institutional Law Project to request representation of Mr. Brown, and/or by contacting the Eastern District Public Interest Committee and asking that organization to help Mr. Brown locate representation, is not clearly erroneous, contrary to law, or

an abuse of discretion.  As stated above, the Court has made reasonable efforts to seek counsel to represent Mr. Brown, but such efforts were unsuccessful.  Mr. Brown's Appeal filed at ECF No. 287 is DENIED.

**B.  Request for Order for Defendants to Provide Access to Attorneys**

Mr. Brown sought an Order Requiring Defendants to Provide Plaintiff with Access to Various Attorneys.  ECF No. 270.  In this Order, he specifically requested to be permitted to "telephone attorneys that have demonstrated a willingness to prosecute this matter." Id. at 1.  In Paragraph 1 of his Motion he names three attorneys he says have indicated "via television and/or letter" a willingness to prosecute this matter: "Bret Gainsford, Morgan and Morgan, and Edgar Snyder." Id. ¶ 1.   In his "Wherefore" clause, he specifically requests an order permitting him to telephone the three attorneys listed in Paragraph 1. Id. at 4.

In Defendants' response, they explained that Bret Gainsford is a lawyer employed by the law firm Morgan and Morgan, and the Defendants were successful in placing said lawyer's name on Mr. Brown's Telephone Authorization Form.  ECF No. 283.  Thus, the motion is moot as to the first two requests for access.  As to Edgar Snyder and Associates, Mr. Brown appears to be seeking representation based on television advertisements, and that is where he got the telephone number to call the law firm.  Defendants explained, however, that they were unsuccessful in verifying that the number Mr. Brown had was in fact an Edgar Snyder and Associates telephone number.  The Magistrate Judge granted in part and denied in part the Motion and directed Mr. Brown to the Defendants' response for the proper prison procedure to follow.

In his Appeal, Mr. Brown complains that he should not be required to follow the prison procedure for telephone contacts with attorneys, as that procedure is only for attorneys that actually represent the prisoner.  Here, he asserts that he is seeking to telephone attorneys in order to *obtain* representation and, as such, he should be able to make such telephone calls without being hampered by the prison procedure.  The prison procedure is in place in order to ensure that prisoner's telephone calls with attorneys are not monitored.  It is not for this Court to direct the prison as to its telephone procedures related to attorneys, whether representing a prisoner or not.

Mr. Brown also complains that the Defendants unfairly counted Bret Gainsford and his law firm as two of the three attorneys he wanted to contact.  However, in his own motion he twice identified Bret Gainsford and Morgan and Morgan as two of the three attorneys he sought to contact.  Finally, he complains that both the Magistrate Judge and Defendants ignored his motion with respect to another law firm, Ferrer, Poirot, Wansbrough, with whom he has communicated by letter.  Again, Mr. Brown twice specifically identified the attorneys and law firms he wanted the Court to take action on, and none of them were the law firm of Ferrer, Poirot, Wansbrough.  Finally, Mr. Brown's suggestion that Defendants and the Prison are attempting to sabotage his efforts to retain counsel is speculative and against common sense. The Magistrate Judge, Defendants, and the Prison would benefit were Mr. Brown to be represented by counsel.  Such counsel would likely streamline the prosecution of this action to an eventual resolution.  The Magistrate Judge's Order is not clearly erroneous, contrary to law, or an abuse of discretion.  Accordingly, the Appeal filed at ECF No. 291 is DENIED.

### C.  The Deadline of September 14, 2020

Mr. Brown challenges the Magistrate Judge's Order, ECF No. 285, setting a deadline of September 14, 2020 for Mr. Brown to respond to the Defendants' outstanding Motions to Dismiss.  ECF No. 293.  The Magistrate Judge's Order requires Mr. Brown to file an amended complaint, or response to the Motions to Dismiss, by the deadline, or the outstanding Motions will be decided without benefit of Mr. Brown's response.  Mr. Brown suggests that the strict deadline demonstrates a bias against Mr. Brown and is possibly a due process violation in light of his overall health issues as well as current conditions.  Specifically, Mr. Brown is unable to write his pleadings without experiencing substantial pain.  In addition, he does not have his eyeglasses, which makes it more difficult to compose his pleadings and causes eye strain.  By implication, it appears that Mr. Brown believes he will not meet the current deadline of September 14, 2020.  As noted above, the Magistrate Judge has granted eleven requests by Mr. Brown for extensions of time, over a nearly three-year period, to allow Mr. Brown to either file an amended complaint or a response to the motions to dismiss.  The Court notes that, although the Magistrate Judge indicated several times that the deadline was firm, she in fact granted additional extensions of time.  The Magistrate Judge has not exhibited any bias against Mr. Brown in setting a deadline of September 14, 2020.  The Court finds no error or abuse of discretion in the Magistrate Judge's Order, or any due process violation.  Accordingly, Mr. Brown's Appeal, filed at ECF No. 293, is DENIED.

### D.  The Preliminary Injunction

Mr. Brown's third appeal is a general request for this Court to prevent alleged delay tactics regarding his efforts to obtain a preliminary injunction, and the sabotage thereof.  It is not clear that such a complaint is the proper subject of an appeal from a case assigned to a Magistrate Judge for pretrial proceedings.  However, the Court finds no error or abuse of discretion in the delay that has occurred in this case and will deny the Appeal.  As should be apparent from the abbreviated procedural history set forth above, the delay in this case is not due to the Magistrate Judge, the Defendants, or the Prison.  Some of the delay was due to the extended pleading stage, which is ongoing, and to the consolidation, at two different times, of Mr. Brown's other cases.  Of course, the consolidation is meant to provide a more efficient process as opposed to proceeding on three different, but substantially related, cases.  A majority of the delay, however, can be attributed to Mr. Brown's own requests for extensions of time.  The Court understands that Mr. Brown's requests are not meant to delay his own case and in fact have been beneficial to Mr. Brown in preparing his own pleadings.  In addition, Mr. Brown's litigation strategy, which includes the serial filing of motions and appeals in rapid succession, instead of filing an amended complaint, contributes to the delay.  The Magistrate Judge has indicated that once the initial pleadings are complete, she will set an evidentiary hearing and oral argument on Mr. Brown's motion for a preliminary injunction.  The Court sees no factual basis to support any allegation that anyone associated with this case is engaging in nefarious delay tactics or sabotage.  Mr. Brown's Appeal filed at ECF No. 288 is DENIED.

## IV.  Conclusion

It is apparent that there is a tension between Mr. Brown's insistence that the Court and Defendants are purposely delaying this case and his own conduct requesting extended time to prosecute his case.  To this point, the delay in this action has been due to Mr. Brown's litigation strategy.  Mr. Brown knows the content of his complaints and his allegations, and he knows that the Defendants have alleged that his complaints have flaws.  It is his obligation, as it is for any similarly situated plaintiff, to respond to the Defendants' Motions to Dismiss by filing an amended complaint to address the flaws, or to file a response explaining why the Defendants are wrong.  Mr. Brown has been afforded an extremely lengthy period of time to perfect his amended complaint or to fashion a response to the Motions to Dismiss.  For all of the above reasons, it is in Mr. Brown's interest to meet his latest filing deadline of September 14, 2020.

**IT IS SO ORDERED**.

Dated: August 26 , 2020

Marilyn J. Horan
United States District Judge

cc:     ALTON D. BROWN
        DL-4686
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450-1050
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)