IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) Civil No. 16-1081 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOM WOLF, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

Before the Court are two appeals filed by Plaintiff Alton D. Brown requesting review of two of the Magistrate Judge's Text Orders addressing a Motion filed by Mr. Brown. ECF Nos. 314 & 315. Mr. Brown filed a Motion for Court Order Requiring Defendants to Return his Prescription Eyeglasses. ECF No. 298. On September 29, 2020, the Magistrate Judge issued a Text Order denying Mr. Brown's Motion. ECF No. 308. On October 1, 2020, before Mr. Brown would have received service of the September 29, 2020 Text Order, Mr. Brown filed a Reply to Defendants' Response to his Motion and Request for the Court to Ask the Federal Bureau of Investigation to Investigate his Claims. ECF No. 309. On October 5, 2020, the Magistrate Judge addressed Mr. Brown's Reply and Request in a Text Order, stating that the Reply did not alter the Court's initial Text Order denying his Motion. ECF No. 310. The Text Order also denied Mr. Brown's Request to Order the FBI to investigate Mr. Brown's claims. Id. Upon review, the Court concludes that the Orders appealed from are neither clearly erroneous nor an abuse of discretion. Therefore, Mr. Brown's appeals will be dismissed.

## I. Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), accord Fed. R. Civ. P. 72(b) (referring to "a pretrial matter dispositive of a claim or defense"), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense").  In this case, the Order appealed from is nondispositive and will not be disturbed unless such is found to be clearly erroneous or contrary to law.  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (citing United States v. United States Gypsum Co., 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).

## II. Discussion

Both Appeals concern Mr. Brown's Motion for Court Order Requiring Defendants to Return his Prescription Eyeglasses.  Defendants responded to the Motion on September 25, 2020.  ECF No. 307.  In Defendants' Response, defense provided relevant documentary evidence related to Mr. Brown's grievance wherein he asserts that his prescription eyeglasses were taken from his cell without cause during a cell search on June 16, 2020.  Defendants explained that,

2

pursuant to Pennsylvania Department of Corrections' policy, inmates are permitted to retain two pairs of eyeglasses in their cells. During the search it was discovered that Mr. Brown had three pairs of eyeglasses: two clear and one shaded. One of the clear sets of eyeglasses was removed from his cell. Defendants state that Mr. Brown's "third pair of eyeglasses is being maintained with his out of cell property," and Mr. Brown may "request that one pair of his in-cell eyeglasses be exchanged for the pair of eyeglasses being maintained with his out of cell property." Id. In denying Mr. Brown's Motion, the Magistrate Judge stated, "[b]ased on the Commonwealth Defendants' response and pursuant to DC-ADM 815, it appears that Plaintiff may only retain up to two pairs of eyeglasses in his cell." Text Order, Sept. 29, 2020, ECF No. 308. Mr. Brown's appeal of the September 29, 2020 Text Order is primarily based on his contention calling into question the credibility of prison staff reporting on what occurred during the cell search and the credibility of prison staff responding to Mr. Brown's grievances.

    Mr. Brown filed his Reply to Defendants' Response prior to receiving the September 29, 2020 Text Order denying his Motion. In his Reply, Mr. Brown challenges the credibility of prison staff, and explains that his desire is to turn in his shaded prescription eyeglasses for his clear prescription eyeglasses. ECF No. 309. In response to the Reply, the Magistrate Judge declined to alter her initial Text Order denying Mr. Brown's Motion. Text Order, Oct. 5, 2020, ECF No. 310. The Magistrate Judge stated that Mr. Brown "may request to have his glasses 'switched out' in accordance with the requirements of DC-ADM 815." Id. Mr. Brown's appeal of the October 5, 2020 Text Order states that he has already submitted a request to switch his shaded eyeglasses for his clear eyeglasses to no avail. ECF No. 315. He further explains the

difficulty of using shaded prescription glasses to read, write, and conduct his daily activities. Id. He states that prison staff are not acting in good faith and are intentionally engaging in retaliatory conduct designed to cause him to suffer for exercising his First Amendment right to pursue litigation, all while giving the appearance that the conduct is appropriate. Id. Finally, he asserts that Defendants refusal to provide him with his preferred pair of clear prescription eyeglasses is a deprivation of his serious medical need, implying that the conduct may be in violation of the Eighth Amendment to the United States Constitution. Id.

Mr. Brown wants his preferred pair of clear eyeglasses as he prosecutes this action, as well as for use in his everyday activities. Although Mr. Brown has not been prevented from pursing his claims, he is presently in a position that makes it physically difficult to read defense pleadings and to prepare his own pleadings. He alleges that prison staff are deliberately withholding his clear prescription eyeglasses in order to retaliate against him for pursuing his First Amendment activities, and to cause him to suffer. He supports this allegation with documentary evidence in the form of a July 27, 2020 written request for the return of the prescription eyeglasses that were confiscated during the June 16, 2020 cell search. Inmate's Request to Staff Member, July 27, 2020, ECF No. 309-1. In response, he was told to take his request to "the UM" (Unit Manager). Id. Mr. Brown followed up with a second request for the return of his glasses directed to the Unit Manager. Inmate's Request to Staff Member, July 31, 2020, ECF No. 309-2. In this Request he states:

> You told me you were going to check on my prescription glasses that were taken during the 6/16/20 search of my cell. I use the shades for preventing migraines and the regular glasses to read and write. . . . I am going blind trying to see with shades 24/7.

<u>Id.</u>  In response, Mr. Brown was told that a different staff member, "Lt. DiSalvo." was "looking into his concerns." <u>Id.</u>  On August 6, 2020, Mr. Brown submitted another request directed to the Unit Manager asking, "[c]an you collect these shades and give me my regular glasses?  Trying to read and write in shades causes me health problems."  Inmate's Request to Staff Member, August 6, 2020, ECF No. 309-3.  In response Mr. Brown was told to "speak with Lt. DiSalvo." <u>Id.</u>

The present matter concerns the number of pairs of eyeglasses Mr. Brown may have in his cell (two pairs or less) and the prison staff's present retention of Mr. Brown's regular, clear, eyeglasses that he wants returned to him.  This matter is not related to Mr. Brown's claims in the above-captioned case.  Mr. Brown has been previously advised that he is not permitted to assert in this case any claim unrelated to his pending imminent danger claims.

In any event, Defendants' Response establishes that Mr. Brown's regular, clear, prescription eyeglasses were removed from his cell in accord with DC-ADM 815, which limits possession of in-cell glasses to two pairs.  In other words, the conduct is reasonably related to a legitimate penological reason.  Moreover, Defendants state in their Response that Mr. Brown is able to exchange his shaded eyeglasses for his clear eyeglasses by requesting such an exchange.  His request for such an exchange is presently being responded to by prison staff.[1]  The Court declines to inject itself into a matter that is within the discretion of the Pennsylvania Department

---

[1] Defendants are always, generally, prohibited from taking retaliatory actions against prisoners for the exercise of their constitutionally protected rights.  In light of Mr. Brown's litigation history, and given the apparent reasonableness of his request for the return of his preferred prescription eyeglasses, it appears unlikely that Defendants would continue to retain possession of Mr. Brown' preferred eyeglasses (presuming they are in fact in their possession) for any reason other than one that Defendants can clearly and specifically articulate as reasonably related to legitimate penological interests.

of Corrections, as guided by its relevant policies and procedures.  Accordingly, the Magistrate Judge's Orders are not clearly erroneous, contrary to law, or an abuse of discretion.[2]

It is hereby **ORDERED** Mr. Brown's Appeals, ECF Nos. 314 & 315, are DENIED.

Dated: October 30, 2020

*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:   ALTON D. BROWN
     DL-4686
     SCI Fayette
     48 Overlook Drive
     LaBelle, PA 15450-1050
     (via U.S. First Class Mail)

     All Counsel of Record
     (via ECF electronic notification)

---

[2] It seems that all that Mr. Brown wants is to obtain his clear prescription eyeglasses. Mr. Brown expresses concern that he has been deprived of his preferred prescription glasses; and, although he requested them on July 27, 2020, he has not yet received them. The continuing delay is concerning in light of Defendants' Response which states that Mr. Brown's eyeglasses would be returned to him if he would simply make the request. ECF No. 307. Mr. Brown provides documentation that he has made requests. ECF Nos.309-1, 309-2, and 309-3. While not within the scope of issues in this lawsuit, it seems to the Court that the most effective way to deal with the issue at hand would be for the prison to respond to Mr. Brown's request.