IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 16-1081 |
| | ) |
| TOM WOLF, et. al, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is an appeal, ECF No. 429, filed by Plaintiff Alton D. Brown, requesting review of the Magistrate Judge's April 21, 2021 Order, ECF No. 422, resolving Mr. Brown's Request for Clarification Regarding Filing Fees Owed to the Court, ECF No. 418.  Mr. Brown raised concerns about the validity and appropriateness of requiring him to pay the filing fee for both Civil Action No. 16-1081 and Civil Action No. 17-321.  He raised this concern because Civil Action No. 17-321 was consolidated with Civil Action No. 16-1081.  Mr. Brown's contends that because Civil Action No. 17-321 was deemed a "supplement" to the complaint at Civil Action No. 16-1081, there is only a single existing case for which a filing fee is due.  The Magistrate Judge answered this concern by finding that "Mr. Brown is obligated to make payments in accordance with § 1915(b)(2) until the filing fee of $350 in each case is paid in full." ECF No. 422, at 3.

On appeal, Mr. Brown cites the Magistrate Judge's alleged refusal to address several issues raised in his Motion for Clarification.  Although the Magistrate Judge did not provide a point-by-point response to Mr. Brown's Motion, the Magistrate Judge's Order provides answers to Mr. Brown's questions and concerns.  Pursuant to the Order, the Magistrate Judge found that there are two separately filed actions for which a filing fee is due and that Mr. Brown must pay the filing fees at both the 2016 and 2017 cases.

It is true that the Magistrate Judge did not directly respond to Mr. Brown's assertion of his belief that no filing fees are due on the 2017 case because it was subsequently deemed a supplement to the 2016 case. Mr. Brown appears to contend that by treating the 2017 cases as a "supplement" to the 2016 case, the 2017 case is not actually a "consolidated" case. This is inaccurate. The 2017 case was consolidated with the 2016 case in accordance with Federal Rule of Civil Procedure 42(a) upon motion of the Defendants. Said Motion to Consolidate was filed eight months after the 2017 case was initiated. ECF No. 29, at Civil Action No. 17-321. Following consolidation, the Magistrate Judge's case management decision provided for efficiency and clarity for future processing of the consolidated cases. Consolidating a case with another case for convenience and economy does not destroy the consolidated case of its identity. In re Community Bank of N. Virginia, 418 F.3d 277, 298 n.12 (3d Cir. 2005) (Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another"). Mr. Brown's assertions to the contrary do not alter the fact that it was *he* who filed two *separate* actions that were thereafter consolidated for convenience, efficiency, and economy.

Next, Mr. Brown's payments are being applied to the filing fee for the 2017 case before paying the filing fee in the 2016 case because of the timing of the relevant orders in each case. Pursuant to 28 U.S.C. § 1915, Mr. Brown was granted leave to file his 2017 Complaint on May 31, 2017 and he was ordered to begin payment of the filing fee. ECF No. 4, at Civil Action No. 17-321. The Order granting leave to file the 2016 Complaint, with its direction that Mr. Brown was to pay the filing fee on that case, was not issued until August 31, 2017. ECF No. 15, at Civil Action No. 16-1081. Thus, payment towards the 2017 case filing fees began first.

2

Finally, to the extent that Mr. Brown challenges the Magistrate Judge's ruling that he is required to pay both filing fees, the Court finds no error. The Magistrate Judge concluded:

> The Prison Litigation Reform Act has a single-case focus. It specifically provides that a prisoner bringing a civil action or appeal IFP is required to pay the full amount of the filing fee, although the filing fee may be paid in "increments" or "installments." 28 U.S.C. § 1915(b)(1). Upon consideration of the statute, both its language and purpose, the Court concludes that Mr. Brown is obligated to make payments in accordance with § 1915(b)(2) until the filing fee of $350 in each case is paid in full. See Bruce v. Samuels, 577 U.S. 82 (2016).

ECF No. 422, at 3. The Magistrate Judge is correct. Pursuant to statue, "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, . . . . 28 U.S.C. § 1914(a). A prisoner who "brings a civil action . . . in forma pauperis, . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Such prisoners, however, are permitted to satisfy payment of the filing fee through partial payments. 28 U.S.C. § 1915(b)(1) & (2). The Bruce case cited by the Magistrate Judge is directly on point. In Bruce, the Supreme Court held "that monthly installment payments, like the initial partial payment, are to be assessed on a per-case basis. Nothing in §1915's current design supports treating a prisoner's second or third action unlike his first lawsuit." Bruce, 577 U.S. at 85.

The Magistrate Judge's Order is not clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Mr. Brown's Appeal of the Magistrate Judge's Memorandum Order is denied.

IT IS SO ORDERED this 10th day of May 2021.

*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

cc: Alton D. Brown, pro se
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)