# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 16-1081 |
| TOM WOLF, et. al, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is Alton D. Brown's Appeal of the Magistrate's Order of June 2, 2021, which denied Mr. Brown's "Motion for Protection from the Retaliation in the Form of Denying Plaintiff the Vaccine for Covid-19." ECF No. 439. The Magistrate Judge's June 2, 2021 Order stated as follows:

> If Plaintiff believes that he improperly has been denied access for the vaccine for COVID-19, he should pursue his claim through the appropriate DOC administrative grievance policy. Plaintiff cannot add this retaliation claim to his pending lawsuit.

ECF No. 437. Mr. Brown contends the decision of the Magistrate Judge is a ruling on a dispositive matter that required a Report and Recommendation. Even though a Report and Recommendation was not filed, Mr. Brown asserts that because the Order is a dispositive ruling, the District Court should apply a de novo review. He reasons that since his relief was denied, the ruling is dispositive because it "could very well result in the dismissal of ALL of his pending civil actions, as the contracting of the virus would more-likely-than-not result in serious illness or death." ECF No. 439, at 1. Mr. Brown is correct that if a "Magistrate Judge entered an order purporting to determine a dispositive matter, the Court has the authority to ignore the form of the decision and treat it as a Report and Recommendation." Florence v. Stanback, 607 F. Supp. 2d

1119, 1122 (C.D. Cal. 2009).[1]  Here, however, the Magistrate Judge's Order denying Mr. Brown's Motion is <u>not</u> dispositive of a claim or defense of a party.

The case law addressing a Court's determination as to whether a Magistrate Judge's Order is dispositive or non-dispositive concern matters directly related to the merits of the claims or defenses or rulings that directly dispose of claims or defenses.  The case law does not extend to matters tangentially related to the claims or defenses only because the particular matter is brought to the attention of the Magistrate Judge.  Such is the case here.  Mr. Brown asked the Court to intervene in the Department of Corrections manner of distributing the Covid vaccine.  He relates it to this case because he alleges that prison officials are denying him the vaccine to retaliate against him for, among other reasons, pursuing his legal claims.  The Magistrate Judge correctly directed Mr. Brown to pursue his claim through the appropriate grievance policies.  The Magistrate Judge correctly viewed the Motion as an attempt to add a retaliation claim to this lawsuit, which she properly denied.  It is at best a stretch to construe Mr. Brown's Motion requesting Court intervention as to the covid vaccine as a "pretrial matter."  It is more properly characterized as a separate matter unrelated to the present case.  Thus, the Magistrate Judge correctly directed Mr. Brown to pursue his complaint about not receiving a vaccine through the

---

[1] See also Lescinsky v. Clark Cty. Sch. Dist., No. 220CV00290RFBNJK, 2021 WL 1933931, at *2 n. 2 (D. Nev. May 13, 2021) (on issuance of nondispositive ruling magistrate judge advised parties that they may raise the issue of whether the ruling is dispositive before the district judge); Gonzalez v. Diamond Resorts Int'l Mktg., Inc., No. 218CV00979APGNJK, 2020 WL 4925702, at *3 (D. Nev. Aug. 21, 2020); Mook v. Gertsema, No. CIV.A. 07-2152-CM, 2009 WL 2176001, at *1 (D. Kan. July 21, 2009); Lancer Arabians, Inc. v. Beech Aircraft Corp., 723 F.Supp. 1444, 1445–1446 (M.D.Fla.1989); Zises v. Dept. of Social Services, 112 F.R.D. 223, 227 (E.D.N.Y.1986); Neal v. Miller, 542 F.Supp. 79, 81 (S.D.Ill.1982); United States v. Rivera–Guerrero, 377 F.3d 1064, 1071 (9th Cir.2004); United States v. Weissberger, 951 F.2d 392, 398 (D.C.Cir.1991) .

prison's grievance policy. The Magistrate Judge's Order is non-dispositive, and the Court finds that it is not clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Mr. Brown's Appeal is denied.

    IT IS SO ORDERED this __ day of July 2021.

                                               Marilyn J. Horan
                                               United States District Court Judge

cc:    Alton D. Brown, pro se
       DL-4686
       SCI Fayette
       48 Overlook Drive
       LaBelle, PA 15450-1050
       (via U.S. First Class Mail)