IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALTON D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 16-cv-1081 |
| | ) | |
| TOM WOLF, et. Al. , | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. On February 19, 2021, the Magistrate Judge issued a Report and Recommendation, recommending granting in part and denying in part the motions to strike and motions to dismiss filed by Defendants Arthur M. Santos, M.D., the Commonwealth Defendants[1], and the Medical Defendants[2]. ECF No. 376. The parties were informed that in accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, that objections to the Report and Recommendation were due by March 5, 2021 for the electronically registered Defendants,

---

[1] The Commonwealth Defendants are Department of Corrections (DOC) officials and employees. The Defendants on whose behalf the Commonwealth Defendants filed the relevant motion are Daniel Burns, S. Buzas, Mark Capozza, L. Cutler, Deputy Dialesandro, J. H. Dupont, Capt. Durco, T.A. Funk, Jayme E. Gardner, R.N. Felton, Dean Geehing, Robert Gilmore, Margaret Gordan, Nedra Grego-Rice, C.O. E.T. Gumbert, Kyle Guth, M. Haines, Mike Hice, Rhonda A. House, C.O. Imhoff, B. Jordan, CO Keller, Major Leggett, John McAnany, Lt. Medvic, A.J. Morris, William Nicholson, Paul Noel, C.H. Oppmon, M. Oppman, Karen Patterson, K. Petty, Lori Ridings, Capt. Schrader, Tracy Shawley, S. Silbaugh, Tricia Silbaugh, Joseph J. Silva, Lt. Stickles, Sgt. Tikey, Sgt. Trout, Michael Troyan, Dr. Robert Valley, Dorina Varner, Irma Vihlidal, Nurse J. Watson, Rich Wenhold, John E. Wetzel, Tamara Whitmeyer, Tom Wolf, and Mike Zaken.

[2] The Medical Defendants on whose behalf the relevant motion has been filed are Dr. Alpert, Pa. N. Austin, Correct Care Solutions, Jay Cowan, Darla Cowden, Mike Hice, Byunghak Jin, Dr. Carl Keldie, S. Liberatore, Dr. Malhi, Dr. Miceli, Elon Mwaura, and Dr. Park.

1

and by March 8, 2021 for the non-electronically registered party Plaintiff.  After obtaining an extension of time to file, Mr. Brown's "Objections to Magistrate Judge's Report and Recommendation dated 2/19/21" were filed on April 8, 2021.  ECF No. 411.  On April 13, 2021, Dr. Santos filed a Reply to Plaintiff's Objections.[3]  ECF No. 416.  For the reasons that follow, after de novo review, the Court finds that Mr. Brown's objections do not undermine the recommendations of the Magistrate Judge.

I.  **DISCUSSION**

   A.  **Relevant Background**

The Magistrate Judge has set forth a detailed and accurate history of the relevant procedural and factual background of the case in her Report, which the Court has reviewed and need not be repeated here.  ECF No. 376, at 2-23.  Relevant to the Court's review of the Report and Recommendations, Mr. Brown filed an Amended Complaint on September 17, 2020, asserting fourteen claims against numerous defendants.  ECF No. 304.  The claims in the case relate to Mr. Brown's allegations, inter alia, that he received deficient medical care and related retaliatory punishment while he was incarcerated at SCI-Greene and at SCI-Fayette.  His claims are: Per Se Negligence (Count I), Unnecessary Use of Force (Count II), Deprivation of the Eighth Amendment right to Medical Care ("Denial Of Medical Care/Deliberate Indifference") (Counts III, IV, V, VII, IX, X, and XI), Intentional Infliction of Emotional Distress (Count VI), Retaliation in Violation of the First Amendment (Count VIII), Retaliation in Violation of the First

---

[3]  Dr. Santos argues, in part, that the Objections be struck for being untimely.  ECF No. 416, at 3-4.  As Mr. Brown filed a second request to extend the time to file Objections, which was overlooked by the Court until after the Objections were filed.  The Court eventually granted the request as moot, indicating that the Court would have granted the request to extend had the motion not been overlooked.  Therefore, Dr. Santos's request to strike Mr. Brown's Objections is moot.

Amendment for sabotage of Mr. Brown's legal endeavors (Count XII), "Political Prisoner" (Count XIII), and Corporate Negligence (Count XIV).

### B. February 19, 2021 Report and Recommendation

The February 19, 2021 Report and Recommendation was issued to resolve Dr. Santos's "Motion to Dismiss Plaintiff's Amended Complaint, or, in the Alternative, Motion for Summary Judgment" (ECF No. 321), the Commonwealth Defendants' "Motion to Dismiss/Motion to Strike Amended Complaint" (ECF No. 326), and the Medical Defendants' "Motion to Strike/Motion to Dismiss Plaintiff's Amended Complaint" (ECF No. 331). The Magistrate Judge recommended granting the Motions in part, denying them in part, and denying leave to amend the Amended Complaint.

## II.  DISCUSSION

In response to the Report and Recommendations, Mr. Brown filed written Objections. ECF No. 411. The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Upon thorough de novo review of the record, the pleadings, and based upon the Court's independent analysis of the Report and Recommendation, the Plaintiff's Objections and Dr. Santos's Reply to the Objections, the Court concludes that the Objections do not undermine the recommendations of the Magistrate Judge.

### A.  Motions to Strike

All Defendants argued that the Amended Complaint should be stricken in its entirety. The Magistrate Judge recommended that the motions to strike be granted as to all Defendants only as

to Counts II, V, and XIII for the reason that these claims were not pled in the original complaints and that they do not relate to any claims of imminent danger for which Mr. Brown has been granted in forma pauperis status. The Magistrate Judge recommended that the Motions to Strike be denied as to the remaining counts. Mr. Brown appears to object to these recommendations contending that at least some of the claims do relate to his imminent danger claims or, at a minimum, relate to claims asserted in Civil Action 18-1130, a "Complaint in Mandamus & Equity," which was originally filed by Mr. Brown in the Court of Common Pleas of Fayette County and removed to this Court by Defendants. The Court disagrees. The Unnecessary Use of Force claim at Count II presents wholly new allegations that are unrelated to his imminent danger claims. The Denial of Medical Care/Deliberate Indifference claim at Count V, based on the refusal to allow Mr. Brown access to medical marijuana and supplements, also presents a new and non-cognizable claim in that medical marijuana is not permitted in prisons in Pennsylvania. Mr. Brown's Political Prisoner claim at Count XIII is also a new claim and is thus properly dismissed. The Court has reviewed the record, the pleadings, the Report and Recommendation, and the Objections thereto. Further, the Court concurs with the Magistrate Judge's analysis in the Report recommending dismissal of Counts II, V, and XIII. The Court concludes that Mr. Brown's Objections do not undermine the Magistrate Judge's recommendation. As such, Mr. Brown's Objections to the Magistrate Judge's s recommendation as to the Motions to Strike are overruled. The Motions to Strike Counts II, V, and XIII will be granted. Counts II, V, and XIII will be dismissed.

### B.     Dr. Santos

As to the Motion for Summary Judgment filed by Dr. Santos based upon the failure to exhaust administrative remedies, the Magistrate Judge recommended that the motion be denied without prejudice. The Magistrate Judge recommended that Dr. Santos's Motion be denied as premature as to Mr. Brown's request for punitive damages. In addition, the Magistrate Judge recommended that the Motion to Dismiss be granted as to the Retaliation claim at Count VIII. Finally, the Magistrate Judge recommended that Dr. Santos's Motion to Dismiss be denied as to the remainder of the claims asserted against him. Upon de novo review of the record, the pleadings, the Report and Recommendation, and the Objections thereto, the Court concludes that any Objections to the Magistrate Judge's disposition of Dr Santos's Motion do not undermine the Magistrate Judge's recommendation. As such, Mr. Brown's Objections are overruled. Dr. Santos's Motion to Dismiss Count VIII will be granted. Count VIII will be dismissed as to Dr. Santos.

### C.     Commonwealth Defendants

The Magistrate Judge recommended that the Commonwealth Defendants' Motion to Dismiss as to all Counts be granted as to Defendants Wolf, Wetzel, and Burns for lack of personal involvement in the alleged conduct and granted as to Rhonda A. House, Tracy Shawley, and Dorina Varner, whose only role was to review grievances. In addition, the Magistrate also recommended that the Motion to Dismiss be denied as to all remaining claims asserted against the specifically named Commonwealth Defendants identified by the Magistrate Judge on page 42 of the Report. The Magistrate Judge recommended that the Motion to Dismiss be granted as to all other Counts asserted against all other Commonwealth Defendants. Finally, the Magistrate Judge

5

recommended that the Motion to Dismiss be granted as to the Retaliation claims at Counts VIII and Count XII and granted as to any purported Civil Conspiracy claims. The Court has conducted a thorough review of the Commonwealth Defendants' Motion, Mr. Brown's Responses to the Motion, the Magistrate Judge's Report and Recommendation, and Mr. Brown's Objections. The Magistrate Judge has accurately and sufficiently reviewed and discussed the record, the Motion, and the parties' arguments in her Report and Recommendation. Mr. Brown's Objections do not undermine the Magistrate Judge's recommendation. As such, Mr. Brown's Objections to the Magistrate Judge's Report and Recommendation as to the Commonwealth Defendants' Motion are overruled. The Commonwealth Defendants' Motion to Dismiss Count VIII, XII, and any purported Civil Conspiracy Claim will be granted. Defendants Wolf, Wetzel, Burns, House, Shawley, and Varner will be dismissed from the case. All remaining Counts will be dismissed as to all Commonwealth Defendants not named on page 42 of the Report. All Commonwealth Defendants not specifically named on page 42 of the Report will be dismissed.

      **D.**    **Medical Defendants**

The Magistrate Judge recommended that the Medical Defendants' Motion to Dismiss be granted as to the Negligence Per Se claim at Count I, the Corporate Negligence claim at Count XIV, the Retaliation claims at Counts VIII and Count XII, and granted as to any purported Civil Conspiracy claims. The Magistrate Judge recommended that the Medical Defendants' Motion to Dismiss be denied as to all remaining claims asserted against the specifically named Commonwealth Defendants identified by the Magistrate Judge on page 48 of the Report. Finally, the Magistrate Judge recommended that the Motion to Dismiss be granted as to all other Counts asserted against all other Medical Defendants. Upon de novo review of the record, the pleadings,

the Report and Recommendation, and the Objections thereto, the Court concludes that Mr. Brown's Objections to the Magistrate Judge's disposition of the Medical Defendants' Motion do not undermine the Magistrate Judge's recommendation. As such, Mr. Brown's Objections to the Magistrate Judge's Report and Recommendation as to the Medical Defendants' Motion are overruled. The Medical Defendants' Motion to Dismiss Counts I, VIII, XII, IV, and any purported Civil Conspiracy Claim will be granted. All remaining Counts will be dismissed as to all Medical Defendants not named on page 48 of the Report. All Medical Defendants not specifically named on page 48 of the Report will be dismissed.

### E.     Injunctive Relief Requests Related to SCI-Greene

As to any request for injunctive relief related to claims arising out of SCI-Greene, the Magistrate Judge recommended that such be dismissed. To the extent that Mr. Brown is seeking injunctive relief related to conduct at SCI-Greene, such requests have been rendered moot by his transfer to SCI-Fayette on August 9, 2017. Following de novo review, Mr. Brown's Objections do not undermine the recommendation. Accordingly, any request for injunctive relief related to SCI-Greene will be dismissed.

### F.     Leave to Amend

Finally, the Magistrate Judge thoroughly reviewed the applicable legal standards regarding granting leave to amend a complaint when claims are dismissed upon a motion to dismiss. The Magistrate Judge noted the Mr. Brown has been given several opportunities to amend his complaint. The Court agrees that permitting further amendment would be futile.

### III. CONCLUSION

In light of the above, the Court accepts the Report and Recommendation as to the Magistrate Judge's disposition of the Motions.

Accordingly, the following Order is hereby entered.

### ORDER

AND NOW, this 12th day of August 2021, following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendations of the Magistrate Judge.

Accordingly, it is hereby ORDERED that the Report and Recommendation, ECF No. 376, dated February 19, 2021, is ADOPTED as the Opinion of the Court. IT IS FURTHER ORDERED as follows:

    1. The Commonwealth Defendants' and the Medical Defendants' Motions to Dismiss (ECF Nos. 326 & 331) all Counts and claims against Deputy Secretary Burns, S. Buzas, L. Cutler, M. Haines, Mike Hice, Rhonda A. House, B. Jordan, Tricia Silbaugh, Tracy Shawley, Dorina Varner, John E. Wetzel, and Governor Tom Wolf are **GRANTED**. Said Defendants are hereby **DISMISSED** from this case.

    2. The Defendants' Motions to Strike (ECF Nos. 321, 326, & 331) are **GRANTED** as to Counts II, V, and XIII. The Motions to Strike are **DENIED** as to all other claims. Counts II, V, and XIII are hereby **DISMISSED**.

  3. Dr. Santos's Motion for Summary Judgment (ECF No. 321), based on the failure to exhaust administrative remedies, is **DENIED** without prejudice.

  4. Dr. Santos's Motion to Dismiss (ECF No. 321) is **DENIED** as to Mr. Brown's request for punitive damages.

  5. (a) The Defendants' Motions to Dismiss (ECF No. 321, 326, & 331) are **DENIED** as to Counts III, IV, VI, VII, IX, X, and XI, as asserted against Dr. Santos and the Commonwealth and Medical Defendants identified on pages 42 and 48 of the Report.

    (b) The Commonwealth and Medical Defendants' Motions to Dismiss (ECF No. 326 & 331) are **GRANTED** as to all Commonwealth and Medical Defendants not specifically identified on pages 42 and 48 of the Report. All remaining Counts as to all Commonwealth and Medical Defendants not named on pages 42 and 48 of the Report are hereby **DISMISSED**. All Commonwealth and Medical Defendants not specifically named on pages 42 and 48 of the Report are hereby **DISMISSED** from this action.

  6. All Defendants' Motions to Dismiss (ECF No. 321, 326, & 331) Counts VIII, XII, and any purported Civil Conspiracy claims, are **GRANTED**. Counts VIII, XII, and any purported Civil Conspiracy claims are hereby **DISMISSED**.

  7. The Medical Defendants' Motion to Dismiss (ECF No. 331) Counts I and XIV, is **GRANTED**. Counts I and XIV are hereby **DISMISSED**.

      8.      Any request for injunctive relief related to claims arising out of SCI-Greene is **DENIED** as moot.

      9.      The Court finds that further amendment would be futile, and therefore leave to amend is **DENIED**.

This matter is referred back to the Magistrate Judge for further proceedings.

_____
Marilyn J. Horan
United States District Court Judge

cc:    Alton D. Brown, pro se
       DL-4686
       SCI Fayette
       48 Overlook Drive
       LaBelle, PA 15450-1050
       (via U.S. First Class Mail)