IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
|         v. | )    **Civil No. 16-1081** |
| | ) |
| TOM WOLF, et. al, | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM ORDER

Before the Court is Alton D. Brown's Motion for Reconsideration of District Court Judge Order of 8/12/21 Denying Injunctive Relief. ECF No. 495. All Defendants have filed Responses to Mr. Brown's Motion. ECF Nos. 501, 507, & 508. Mr. Brown was granted an extension of time until March 31, 2022, to file a Reply to Defendants' Responses. ECF No. 331. No Reply has been filed and Mr. Brown has not sought an additional extension of time to file a Reply.

A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D. Pa. Nov 04, 2003), citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D. Pa. 2002).

Mr. Brown asserts that reconsideration is warranted because the Court did not address alleged retaliatory attacks designed to sabotage Mr. Brown's pursuit of his legal rights; the failure to permit a witness to testify and failure to consider certain evidence; the Court factually erred in stating the date of Mr. Brown's cancer diagnosis; and the decision was against the weight of the evidence.

Mr. Brown has not met the standard for reconsideration in that he has not shown a need to correct manifest errors of law or fact, an intervening change in law, or newly discovered evidence. First, the Court has consistently constrained Mr. Brown's request for injunctive relief to matters related to his medical care and treatment. Alleged retaliatory conduct not directly related to Mr. Brown's medical care is outside the parameters of the request for injunctive relief. Next, the Court considered extensive and wide-ranging evidence in coming to its conclusion to deny injunctive relief. Mr. Brown has not pointed to any new evidence, or any evidence for that matter, that would materially affect the Court's decision. In addition, Mr. Brown's allegation of a factual error in the date of his diagnosis is also not determinative. The Court stated that the diagnosis occurred in 2016, while Mr. Brown points to a biopsy conducted in 2018, which confirmed the diagnosis. Finally, the argument that the Court's decision is against the weight of the evidence is reflective of a disagreement with the Court's decision; which is not a proper basis for reconsideration.

Accordingly, the following Order is entered.

AND NOW, this 4th day of May 2022, inasmuch as Mr. Brown has not presented an intervening change in law; the availability of new evidence that was not available at the time of his original motion; or the need to correct a clear error of law or fact or to prevent manifest injustice, Mr. Brown's Motion for Reconsideration of District Court Judge Order of 8/12/21 Denying Injunctive Relief (ECF No. 495) is DENIED.

   s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:    Alton D. Brown, pro se
       DL-4686
       SCI Fayette
       48 Overlook Drive
       LaBelle, PA 15450-1050
       (via U.S. First Class Mail)