IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1081 |
| | ) |
| TOM WOLF, et. Al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. On June 1, 2022, the Magistrate Judge issued a Report and Recommendation, recommending denying Plaintiff Alton D. Brown's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 530). ECF No. 553. The parties were informed that objections to the Report and Recommendation were due by June 15, 2022 for the electronically registered Defendants, and by June 21, 2022 for the non-electronically registered party Plaintiff. Mr. Brown timely filed "Objections to Magistrate Judge's Report and Recommendation Dated June 1, 2022." ECF No. 555.

In his request for injunctive relief Mr. Brown asserts that he has learned that the medical treatment he has been receiving for his cancer is meant only to prevent his cancer from worsening and that Defendants never intended to attempt to cure his cancer. He alleges that Defendants are applying preventive treatment in order to save the much higher costs of medical treatment designed to cure cancer. He also alleges that Defendants are motived by a desire to retaliate against Mr. Brown for his litigious behavior. The Magistrate Judge recommended that Mr.

1

Brown's Motion be denied because it raises the same injunctive relief requests already considered at the February 23, 2021 preliminary injunction hearing and resolved by this Court in its August 12, 2021 Opinion and Order. ECF No. 447. In addition, the Magistrate Judge noted that the issues raised by Mr. Brown are inextricably intertwined with resolution of the ultimate issues in this case. In his Objections, Mr. Brown asserts that the Magistrate Judge has ignored his arguments. He also argues that the issue he raised in his Motion, that he has a right to have his cancer cured, has not been addressed by the Court.

In relation to Mr. Brown's prior requests for injunctive relief the Court has considered the parties' profound disagreement as to Mr. Brown's medical treatment. As stated in the Court's August 12, 2021 Opinion, the "deliberate indifference standard affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients, [and Courts] must disavow any attempt to second-guess the propriety or adequacy of [their] particular course of treatment so long as it remains a question of sound professional judgment." Op. and Order, Aug. 12, 2021, at 13 (quoting Pearson v. Prison Health Serv., 850 F.3d 526, 538 (3d Cir. 2017) (internal quotations and citations omitted)). Presently, Mr. Brown raises a concern that Defendants are deliberately not attempting to cure his cancer and instead choosing only to treat his cancer.

There is no evidence demonstrating that Defendants are able to cure Mr. Brown's cancer but have deliberately refused to do so. Mr. Brown implicitly acknowledges that it is unknown whether his cancer is curable in his Proposed Order. Mr. Brown requests that the Court Order Defendants to provide unbiased health care providers to determine "the feasibility of surgery for the cure" of his prostate cancer and for Defendants to provide an evaluation to determine if his

cancer has spread too far to be cured. ECF No. 530-1, at 1. Mr. Brown's present request for injunctive relief therefore concerns a disagreement between Mr. Brown and the Defendants about how he should be medically treated. As with his prior requests for injunctive relief, the available evidence related to Mr. Brown's current request "does not show that the Medical Defendants or the Commonwealth Defendants have prevented or denied Mr. Brown from receiving appropriate medical treatment." Op. and Order, at 14. Thus, the Court agrees with the Magistrate Judge's recommendation and will overrule Mr. Brown's objections. Accordingly, injunctive relief was properly denied.

## ORDER

AND NOW, this 27th day of June 2022, following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendations of the Magistrate Judge.

Accordingly, it is hereby ORDERED that the Report and Recommendation, ECF No. 553, dated June 1, 2022, is ADOPTED as the Opinion of the Court. Mr. Brown's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 555) is DENIED.

 s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

cc:  Alton D. Brown, pro se
      DL-4686
      SCI Fayette
      48 Overlook Drive
      LaBelle, PA 15450-1050