IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
|    Plaintiff, | ) |
|          v. | )  Civil No. 16-1081 |
| | ) |
| TOM WOLF, et. al, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is Alton D. Brown's Motion for Reconsideration of Court's Order of 6/27/22.  ECF No. 559.  All Defendants have filed Responses to Mr. Brown's Motion.  ECF Nos. 561, 562, & 563.  Mr. Brown seeks reconsideration of the Court's Order adopting the June 1, 2022 Report and Recommendation (ECF No. 553) as the Opinion of the Court and denying Mr. Brown's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 555).  Mem. Op. and Order, June 27, 2022, ECF No. 556.

A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D. Pa. Nov 04, 2003), citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993).  "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D. Pa. 2002).

Mr. Brown has not met the standard for reconsideration in that he has not shown a need to correct manifest errors of law or fact, an intervening change in law, or newly discovered evidence.  Mr. Brown asserts that reconsideration is warranted, in part, because the Court erred in not fully taking into account that the Defendants have failed to demonstrate that the current hormone therapy as a mode of treating Mr. Brown's cancer is a "sound" therapy that "trumps" Mr. Brown's preference that the doctors seek to cure his cancer.  Mr. Brown also avers that Defendants have not made an "informed choice" regarding treatment but are instead following their own preferred policy.  However, the Court did consider that Defendants were following a treatment path they deemed appropriate for Mr. Brown, despite Mr. Brown's preference.

Accordingly, the following Order is entered.

AND NOW, this 16th day of August 2022, Mr. Brown's Motion for Reconsideration of Court's Order of 6/27/22 (ECF No. 559) is DENIED.

  s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:    Alton D. Brown, pro se
        DL-4686
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450-1050
        (via U.S. First Class Mail)