IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 16-1081 |
| | ) |
| TOM WOLF, et. al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is Alton D. Brown's Motion for Reconsideration of District Judge [Order of] 8/12/21.  ECF No. 557.  All Defendants have filed Responses to Mr. Brown's Motion for Reconsideration.  ECF Nos. 566 (Arthur M. Santos, M.D.), 567 (Commonwealth Defendants), & 568 (Medical Defendants).  As of the date of this Order, Mr. Brown has not filed a Reply.  Mr. Brown seeks reconsideration of the Court's Opinion and Order adopting the Magistrate Judge's February 19, 2021 Report and Recommendation as the Opinion of the Court, wherein the Court granted in part and denied in part the motions to strike and motions to dismiss filed by the Defendants.  Mem. Op. and Order, August 12, 2021, ECF No. 448.

A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Mere dissatisfaction with a court's ruling is not a proper basis for

reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D. Pa. Nov 04, 2003), citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993).  "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D. Pa. 2002).

      Mr. Brown has not met the standard for reconsideration in that he has not shown a need to correct manifest errors of law or fact, an intervening change in law, or newly discovered evidence.  Mr. Brown asserts that reconsideration is warranted, in part, because the Court failed to consider numerous documents incorporated by reference into Mr. Brown's Amended Complaint, failed to consider approximately fifteen pleadings he filed from approximately July 2016 through July 2020, and failed to consider hundreds of grievances submitted by Mr. Brown.  ECF No. 557, at 1-3, 5-8.  On a Motion to Dismiss the issue is whether the Plaintiff, *in his complaint*, has properly stated claims upon which relief can be granted.  The Court addressed this question in light of the Magistrate Judge's Report and Recommendation, the parties' motion to dismiss pleadings, and Mr. Brown's Objections.  The Court maintains that it properly considered relevant pleadings in resolving Mr. Brown's Objections to the Defendants' Motions.  Finally, the remainder of his Motion is re-argument of matters already decided and Mr. Brown expressing his disagreement with the Court's conclusions.  Such are not proper bases for reconsideration.

      Accordingly, the following Order is entered.

      AND NOW, this 25th day of October 2022, inasmuch as Mr. Brown has not presented an intervening change in law; the availability of new evidence that was not available at the time of his original motion; or the need to correct a clear error of law or fact or to prevent manifest

injustice, Mr. Brown's Motion for Reconsideration of District Judge [Order of] 8/12/21 [Ruling on Defendants' Motions to Dismiss and Motions to Strike] (ECF No. 557) is DENIED.

           s/*Marilyn J. Horan*
           Marilyn J. Horan
           United States District Judge

cc:    Alton D. Brown, pro se
       DL-4686
       SCI Fayette
       48 Overlook Drive
       LaBelle, PA 15450-1050