**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALTON D. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil No. 16-1081** |
| | ) | |
| **TOM WOLF, et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Before the Court are two Motions filed by Alton D. Brown ,requesting that the Court take another look at two of its previous Orders.

A.

Mr. Brown filed a Motion for Reconsideration of the Court's Order denying his request for a copy of a transcript.  ECF No. 575.  In that Order, the Court explained that a party's in forma pauperis status does not entitle him to free copies of transcripts.  Id.  Mr. Brown argues that the transcript was filed with a Court Order, and he never received a copy of the Order.  Such transcript was not filed by a Court Order.  The Court Reporter filed a NOTICE OF FILING OF OFFICIAL TRANSCRIPT, stating that the February 23, 2021 transcript was filed.  ECF No. 554.  Mr. Brown also cites provisions of 18 U.S.C. § 753, concerning the release and payment of transcripts by court reporters.  Some of the provisions of section 753 do allow for, or require, that, in certain circumstances, a free transcript to be provided to an in forma pauperis litigant.  However, none of said provisions apply to Mr. Brown at this time.  He also cites a provision showing that Court Reporters "shall not charge a fee for any copy of a transcript delivered to the

clerk for the records of the court."  Id.  This provision forbids a Reporter from charging the
*clerk's office* for copies of transcripts, but it does not apply to litigants.  Finally, Mr. Brown cites
section 753(b), which states:  "the copy of the transcript in the office of the clerk shall be open
during office hours to inspection by any person without charge."  18 U.S.C § 753(b).  This is
true.  During working hours any member of the public may inspect any available copy of a
transcript filed on the record of a case.  Nothing in Mr. Brown's Motion for Reconsideration
warrants a change in the Court's prior Order.  Presently, the February 23, 2021 transcript may
not be released for free.  Accordingly, the Motion for Reconsideration is DENIED.

B.

Next, Mr. Brown filed a Notice to the Court and Request for Clarification (ECF No. 578)
as to the Court's Order (ECF No. 574) denying Mr. Brown's Motion for Reconsideration of this
Court's August 12, 2021 Opinion and Order (ECF no. 448), which denied in part, and granted in
part, the Defendants' various Motions to Dismiss and/or Strike.

In his Notice and Request for Clarification, Mr. Brown addresses, among other things, his
view of the merits of his claims, his desire to amend and/or supplement his complaint, and his
concerns over the potential negative effect that consolidation of three cases will have on his
claims.  The Court notes that Mr. Brown asserts that the Court erred in dismissing his retaliation
claims and in consolidating his cases.  None of his assertions, however, are related to him
seeking clarification of the Court's Order that denied Mr. Brown's Motion for Reconsideration.

Mr. Brown's specific requests for clarification are not related to the Court's Order
denying his Motion for Reconsideration.  First, he asks that the Court clarify whether the
"Plaintiff still has the rights to obtain a separate ruling on the three consolidated matters."  Next,
he asks if the Court intends "to attach the three-strike filing provision to the removal case," that

2

was removed to federal court by Defendants.  Finally, he asks for clarification as to whether

Plaintiff will be allowed to Amend/Supplement his Complaint.

     Mr. Brown's requests for clarification are not presented as ripe motions for resolution;

they are merely questions.  The Request for Clarification does not concern the Order that denied

his Motion for Reconsideration.  Accordingly, the Notice and Request for Clarification is

DENIED.


IT IS SO ORDERED.

Dated: <u>November 15, 2022</u>                s/*Marilyn J. Horan*
                                       Marilyn J. Horan
                                       United States District Judge


cc:     Alton D. Brown, pro se
           DL-4686
           SCI Fayette
           48 Overlook Drive
           LaBelle, PA 15450-1050