**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALTON D. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil No. 16-1081** |
| | ) | |
| **TOM WOLF, et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is Alton D. Brown's "Motion for Reconsideration" of the District Court's Order dated 9/7/23. ECF No. 652. The Court's September 7, 2023 Order denied Mr. Brown's Motion requesting an extension of time to file objections to four Magistrate Judge discovery Orders. Order, Sept. 7, 2023, ECF No. 646. Mr. Brown's Motion requesting an extension was filed on August 31, 2023. In denying the Motion, the Court highlighted the fact that the discovery deadline had been extended several times and that discovery had closed on August 4, 2023. The Court found that three of the Magistrate Judge's discovery Orders were moot and that the final discovery Order was not clearly erroneous, contrary to law, or an abuse of discretion.

### The Motion for Reconsideration

In the present request for reconsideration, Mr. Brown states that the District Court's September 7, 2023 Order denied him "the opportunity to make crucial discovery needed to prosecute the matter efficiently". ECF No. 652, at 3. Mr. Brown asserts that the Magistrate Judge's discovery orders are "schemes designed to prevent [Mr. Brown] from conducting any discovery." *Id.* Similarly, he states that "he has been denied the opportunity to make discovery." *Id.* at 4. He seeks reconsideration of the Court's September 7, 2023 Order, in part, because

although the discovery deadline has expired, Mr. Brown is still permitted to appeal the Magistrate Judge's discovery Orders. *Id.* at 2. He states that his "aim is to preserve appealable issues and expose [the] Judge's bias against Plaintiff and favor for the Defendants." *Id.* at 3. He asks the Court "to allow him to at least get his Objections on record for appeal purposes, which would afford him to reverse the fundamental injustice of being denied discovery, in violation of the 14th Amendment" and the "denial of due process and equal protection." *Id.* at 5.

## Discussion

Mr. Brown seeks reconsideration of the Court's September 7, 2023 Order. Mr. Brown's multiple appeals and objections to the Magistrate Judge's discovery Orders demonstrate that he seeks a ruling from this Court overruling the Magistrate Judge's management of discovery. Furthermore, Mr. Brown wants this Court to Order additional time for him to engage in discovery. This Court will not overrule discovery Orders where there is no evidence that the Magistrate Judge has committed error or abused her discretion.

The discretion afforded a District Court or a Magistrate Judge in managing discovery is broad. "Rulings regarding discovery matters are consigned to the court's discretion and judgment." *Doe v. Schuylkill Cnty. Courthouse*, 343 F.R.D. 289, 293 (M.D. Pa. 2023). In general, a district "court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion." *Schuylkill Cnty. Courthouse*, 343 F.R.D. at 293 (citing *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983)). "This far-reaching [district court] discretion extends to rulings by United States Magistrate Judges on discovery matters." *Schuylkill Cnty. Courthouse*, 343 F.R.D. at 293. Upon review of a magistrate judge discovery ruling, "district courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Id.* A "magistrate judge's discovery ruling 'is entitled to great

deference and is reversible only for abuse of discretion.'" *Id.* (quoting *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). In light of the broad discretion granted to District Courts and Magistrate Judges in the management of a case and, in particular, in managing discovery matters, the Court declines to reconsider its prior Order finding that Magistrate Judge Eddy's discovery Orders are not an abuse of discretion and are not clearly erroneous.

And NOW, this 29th day of September 2023, it is ORDERED that Alton D. Brown's Motion for Reconsideration, ECF No. 652, is DENIED. The District Court declines to reconsider its September 7, 2023 Order.

                                               s/*Marilyn J. Horan*
                                               Marilyn J. Horan
                                               United States District Court Judge

cc:    Alton D. Brown, pro se
        DL-4686
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450-1050