IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1081 |
| | ) |
| TOM WOLF, et. Al. , | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72.  On June 21, 2023, the Magistrate Judge issued a Report and Recommendation, recommending denying Plaintiff Alton D. Brown's Motion for Preliminary Injunction (ECF No. 603).  ECF No. 622.  The parties were informed that objections to the Report and Recommendation were due by July 6, 2024, for the electronically registered Defendants, and by July 10, 2024, for the non-electronically registered party Plaintiff.  After obtaining three extensions of time to file, on September 8, 2023, Mr. Brown filed his "Appeal of Magistrate's Report and Recommendation (Doc. 622)."  ECF No. 648.  For the reasons that follow, the Court finds that Mr. Brown's objections do not undermine the recommendations of the Magistrate Judge.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).  In

1

doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In this, his third motion seeking injunctive relief related to his medical care, Mr. Brown requests that the Court "Order the Defendants to provide him with pain relief and medical care to treat the adverse side-effects from the Hormone Therapy." R. & R., at 5.  The impetus for Mr. Brown's Motion arose from the medical decision to reduce his pain medication, even though Mr. Brown's pain levels due to the side effects of his hormone therapy have increased.  Mr. Brown objects to the Magistrate Judge's Report and Recommendation as a whole.  He asserts that the Magistrate Judge erred in her consideration of the evidence, erred by failing to hold a hearing, erred by failing to consider his medical conditions and symptoms and the Defendants' responses to the same, and erred by failing to consider evidence showing that the Defendants continue to fail to adequately respond to his actual medical conditions and associated symptoms.

Mr. Brown raises essentially the same arguments (though he has added new facts and arguments) in support of his request for injunctive relief as he did in his prior request for preliminary injunctive relief.  *See* ECF No. 530 (Motion), ECF No. 533 (Report and Recommendation), and ECF No. 556 (Mem. Op. & Order).  While there have been some changes to Mr. Brown's allegations in support of obtaining a preliminary injunction, as well as changes in his medical conditions and symptoms, the Magistrate Judge is correct that Mr. Brown's Motion reflects an ongoing disagreement about medical care.  The "deliberate indifference standard affords considerable latitude to prison medical authorities in the diagnosis and treatment of the

medical problems of inmate patients, [and Courts] must disavow any attempt to second-guess the propriety or adequacy of [their] particular course of treatment so long as it remains a question of sound professional judgment." *Pearson v. Prison Health Serv.,* 850 F.3d 526, 538 (3d Cir. 2017) (internal quotations and citations omitted). As the Court stated in its resolution of Mr. Brown's two prior requests for injunctive relief related to his medical care, the available evidence "does not show that the Medical Defendants or the Commonwealth Defendants have prevented or denied Mr. Brown from receiving appropriate medical treatment." Mem. Op. & Order, at 2, June 27, 2022, ECF No. 556; Op. and Order, at 14, Aug. 12. 2021, ECF No. 447. As the Court recognized in its August 12, 2021 Opinion denying Mr. Brown's first request for injunctive relief, the current evidence suggests "a severe and profound disagreement and disconnect between the Defendants' attempts to treat Mr. Brown and Mr. Brown's views of how he should be medically treated." Op. and Order, at 13, ECF No. 447. Then, as now, Mr. Brown alleges that the Defendants are withholding appropriate medical treatment, and are inappropriately managing and treating his side-effects and pain. *Id.* at 14. Significantly, Mr. Brown is unable to carry his burden of proof to show that the extraordinary remedy of injunctive relief is warranted. Accordingly, the Court will overrule Mr. Brown's Objections and deny the Motion for Preliminary Injunction.

    Accordingly, the following Order is hereby entered.

**ORDER**

AND NOW, this 20th day of February 2024, IT IS ORDERED that the Report and Recommendation, ECF No. 622, filed on June 21, 2023, is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED that Alton D. Brown's Motion for Preliminary Injunction, ECF No. 603, is DENIED.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Alton D. Brown, pro se
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050