IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-1081 |
| | ) |
| TOM WOLF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Before the Court is Alton D. Brown's "Appeal of Magistrate Judge's Order dated 4/9/2024 (Doc. #680)," which ruled upon Mr. Brown's Motion for Order Enforcing Discovery Orders and Request for Additional Discovery (ECF No. 624). ECF No. 684. Mr. Brown argues that the Magistrate Judge erred in denying his request for mental health records. Mr. Brown asserts that such records are relevant to this matter. He explains how, in various ways, his mental health has suffered, he has experienced psychological distress, and he has been subjected to brain washing. Nonetheless, ordering production of mental health records to an inmate in a civil action is not typically done due to the concern that the release of such records, which detail the assessment and treatment of an inmate, may pose a security risk to staff and/or the institution. *Leaphart v. Little*, No. CV 23-1062, 2024 WL 249008, at *6 (W.D. Pa. Jan. 23, 2024). In *Banks v. Beard*, the District Court explained in detail why such mental health records are not typically produced:

> With respect to the mental health records, were they made available to inmates or the public, DOC professionals would tend to refrain from entering candid

opinions and evaluations. Consequently, decision-makers would not have the benefit of honest observations from professionals in the field. Moreover, if an inmate knows how DOC staff will evaluate him and how particular behaviors are likely to be interpreted, he is capable of manipulating the resulting determination, which could lead to inaccurate assessments, improper institutional placements, and possible premature release from custody.

*Banks v. Beard*, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013). Mr. Brown alludes to the necessity of providing his mental health records and attempts to explain why they are relevant to his case. However, none of his remaining claims relate to mental health treatment and his mental health records do not appear relevant to any of his claims. The Court finds that the Magistrate Judge's Order, ruling on Mr. Brown's Motion for Order Enforcing Discovery Orders and Request for Additional Discovery, is not clearly erroneous, contrary to law, or an abuse of discretion.

AND NOW, this 1st day of May 2024, it is hereby ORDERED that Alton Brown's "Appeal of Magistrate Judge's Order dated 4/9/2024 (Doc. #680)," ECF No. 624, is denied.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Alton D. Brown, pro se
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050