IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1081 |
| | ) |
| TOM WOLF, et. Al. , | ) |
| | ) |
| **Defendants.** | ) |

## ORDER ON APPEAL (ECF No. 734)

Before the Court is Alton D. Brown's "Appeal to the U.S. District Judge From the Magistrate's Order Issued on August 6. 2025." ECF No. 734. At an August 6, 2025 status conference, Magistrate Judge Lanzillo ordered Mr. Brown to file his Brief in Opposition and Responsive Concise Statements of Fact to the remaining three Defendants' pending Motions for Summary Judgment no later than September 8, 2025. ECF No. 733. The Magistrate Judge indicated that no further extensions of time would be granted. *Id.* Mr. Brown argues that the Magistrate Judge's Order failed to take into consideration Mr. Brown's illnesses, as well his rights under various statutes. Mr. Brown also alleges that the Magistrate Judge rulings reflect a bias and prejudice against Mr. Brown.

The Magistrate Judge's briefing Order is non-dispositive. The Federal Magistrates Act provides that a "clearly erroneous or contrary to law" standard applies to a magistrate judge's resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), *accord* Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"). Nondispositive orders will not be disturbed, unless such is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

Here, two of the Motions for Summary Judgment were filed over one year ago, on August 12, 2025. ECF Nos. 696 and 697. The third Motion was filed eleven months ago, on September 11, 2024. ECF No. 707. The Magistrate Judge granted Mr. Brown's motions for extensions of time to respond to the Motions for Summary Judgment to January 10, 2025. No Responses were filed as, due to the bankruptcy of Defendant Wellpath, the case was administratively stayed, up and until, July 10, 2025. There is no indication on the record as to why Mr. Brown was unable to prepare his Responses by the due date of January 10, 2025, or during the time when the case was administratively stayed. Nonetheless, at the August 6, 2025 status conference, the Magistrate Judge set the new deadline of September 8, 2025, which is nearly a year past the dates the Motions were initially filed. This Court will not overrule a briefing order where there is no evidence that the Magistrate Judge has committed error or abused his discretion. The Court finds that Magistrate Judge Lanzillo's briefing order, announced at the August 6, 2025 status conference, ECF No. 733, is not an abuse of discretion and is not clearly erroneous. Accordingly, the following Order is entered.

AND NOW, this 20th day of August 2025, it is hereby ORDERED that Alton D. Brown's "Appeal to the U.S. District Judge From the Magistrate's Order Issued on August 6. 2025," ECF No. 734, is DENIED.

      *s/Marilyn J. Horan*
      Marilyn J. Horan
      United States District Judge

2

Alton D. Brown, pro se
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050