IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 16-cv-1081 |
| TOM WOLF, et. Al., | ) ) ) |
| Defendants. | ) |

### ORDER ON APPEAL (ECF No. 748)

Before the Court is Alton D. Brown's "Appeal to District Court Judge from the Magistrate's Order dated 9/11/25 [ECF No. 743]." ECF No. 748. In a Text Order, the Magistrate Judge denied Mr. Brown's Motion for Court Order, in which he sought an Order directing Defendants to provide him with his medical records from 2023 to the present and an Order striking Defendants' Motions for Summary Judgment. ECF No. 743.

The Federal Magistrates Act provides that a "clearly erroneous or contrary to law" standard applies to a magistrate judge's resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), *accord* Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"). Nondispositive orders will not be disturbed, unless such is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

The Magistrate Judge's Order was issued after discovery had closed. In addition, Defendants' Motions for Summary Judgment have been pending for over a year, and Mr. Brown has yet to file a response to said Motions. After several extensions of time, Mr. Brown's current deadline is October 10, 2025. On September 8, 2025, Mr. Brown filed the Motion at issue, seeking new medical documents from Defendants, dating from 2023 to the present, and seeking to strike the pending summary judgment motions. The Magistrate Judge correctly viewed the request for new documents as a request to reopen discovery. As another reason for the denial, the Magistrate Judge explained that the medical documents Mr. Brown seeks, dating from 2023 to the present, are not germane to Mr. Brown's claims, which concern "medical treatment that he received over eight years ago." ECF No. 743.

Mr. Brown argues that the Magistrate Judge erred in denying his request for medical records, in part, because he ignored that Mr. Brown's request was based upon a need to demonstrate the effect such evidence would have upon his claims. In support, he specifically cites Federal Rules of Evidence 404(b)(1), 406, and 803.[1] Mr. Brown also argues that the requested medical records would support his argument that the Defendants have engaged in a pattern and practice, both before and after the relevant time period, consistent with the allegations of his claims.

Discovery, which was extended, is closed. Summary judgment motions have been pending for over a year and are nearly ripe for resolution. For these reasons alone the Magistrate Judge's denial of Mr. Brown's Motion is not an abuse of discretion, contrary to law, or clearly erroneous. Moreover, the evidence that is relevant to summary judgment, is the evidence covering the time period of Mr. Brown's claims. Defendants can only succeed on summary

---

[1] The Rules of Evidence govern the relevance and admissibility of evidence at trial (or other evidentiary hearing), and are not typically relevant to a summary judgment motion.

2

judgment by relying on record evidence dating from the time period of Mr. Brown's claims. Conversely, if Mr. Brown is to carry his burden to show that there are genuine issues of material fact precluding summary judgment, he must do so by relying upon record evidence temporally relevant to his claims. For these reasons, the Magistrate Judge's denial of Mr. Brown's request for medical records is not clearly erroneous, contrary to law, or an abuse of discretion.

Finally, the Magistrate Judge's denial of Mr. Brown's request to strike Defendants' Motions for Summary Judgment is not clearly erroneous, contrary to law, or an abuse of discretion. Said Motions have been pending for over a year and there is no good cause to strike the Motions and start over.

The Court finds that Magistrate Judge's September 11, 2025 Text Order is not an abuse of discretion, is not contrary to law, and is not clearly erroneous. Accordingly, the following Order is entered.

AND NOW, this 8th day of October 2025, it is hereby ORDERED that Alton D. Brown's "Appeal to District Court Judge from the Magistrate's Order dated 9/11/25 [ECF No. 743]," ECF No. 748, is DENIED.

                                                            _s/*Marilyn J. Horan*_
                                                           Marilyn J. Horan
                                                           United States District Judge

Alton D. Brown, pro se
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050